KAOHE (k.) and KAINOALUA (w.) *vs.* KEALINA (k.).

APPEAL FROM DECREE OF PRESTON, J.

OCTOBER TERM, 1887.

JUDD, C.J., McCULLY, PRESTON and BICKERTON, JJ.

The plaintiff Kaohe was entitled as heir at law to one-fourth part of certain lands of considerable value. The defendant was also entitled to a share in the same lands. The plaintiffs were not aware of their rights or of the value of the estate. The defendant induced the plaintiffs to convey their interest to him for $50, concealing from them the value of the property.

Held, that such conveyance must be set aside and the property re-conveyed.

OPINION OF THE COURT.

Having read the proofs and arguments of counsel, and having read the opinion of Mr. Justice Preston, we adopt the same and affirm the decree appealed from.

*Smith* and *Kinney*, for complainants.

*W. C. Achi*, for defendant.

OPINION OF PRESTON, J., APPEALED FROM.

The bill states that in September, 1886, one Kahalelole (w.) died intestate at Kohala, leaving several pieces of land of the value of between three and four thousand dollars, and leaving as her sole heirs-at-law her husband, the defendant Kealina, and the plaintiff Kaohe, her uncle. That the plaintiffs are over seventy years of age, feeble in body and mind, ignorant and illiterate, and were not aware at the time of the death of said Kahalelole that the plaintiff Kaohe was entitled to a share of said lands, nor of the nature, extent or value of the same. That said Kealina, well knowing the condition, mental and physical, of the plaintiffs, and their ignorance of their rights in the premises, and the great value and extent of the said estate, and

conspiring to defraud the plaintiffs in the premises through mistake and ignorance on the part of the plaintiffs and by fraud duress, willful misrepresentation and fraudulent concealment and suppression of the facts upon the part of the defendant Kealina, upon the 27th of February, 1887, procured a deed from the plaintiffs of all their right and interest in said intestate's real estate for the nominal consideration of fifty dollars.

The bill then alleges a sale by the defendant Kealina to the defendant Hinds with notice, and prays that said deed to Kealina be declared void; that Hinds and Kealina be ordered to re-convey to plaintiffs; for an injunction and general relief.

The defendant Kealina by his answer denies the fraud charged; states there are other heirs; that plaintiffs well understood their rights; that the consideration of fifty dollars was actually paid to plaintiffs, and that they executed the same freely, voluntarily and understandingly for the consideration in said deed expressed; and that the plaintiff Kaohe before the execution of the deed to defendant declared that he did not care how much the defendant should pay him, but was willing to turn over his (Kaohe's) share in the estate of defendant, saying: "You earned this property, so you may have it;" and that the said deed was procured on account of the family connections between plaintiffs and defendant before and after the death of said Kahalelole.

At the hearing it appeared that the conveyances to the defendant Hinds were executed before the deed sought to be set aside, namely, one on the 4th of October, 1886, the consideration for which was $1000, and the other on the 29th January, 1887, the consideration being $1400, and the bill was therefore dismissed as against Hinds.

From the testimony it appeared that the plaintiff Kaohe is entitled to one-fourth of the estate of the intestate, and that about two weeks previous to the execution of the deed in question, one George P. Kamauoha, a licensed practitioner in the Police and District Courts, and who had prepared one of the deeds from Kealina to Hinds, called upon the plaintiff and, as

he says, informed the plaintiff Kaohe of his interest in the deceased's estate, and that he was entitled to one-fourth, and mentioned several lands and said: "I'll give you $30 for your interest; I may have trouble in getting possession of these lands;" that Kaohe agreed; that a deed was immediately prepared, and Kaohe was taken to Dr. Wight's store to execute and acknowledge it; that when the deed was read to him, and he was asked if he was willing to sell for $30, he answered "No," and the deed was not signed. The deed to the defendant was afterwards prepared by Kamauoha, and was executed and acknowledged by the plaintiffs.

I am compelled to express my disapprobation of the conduct of Kamauoha in the matter, which I think very reprehensible.

The testimony is contradictory as to the knowledge of the plaintiffs of the effect of the deed to the defendant, but after considering the testimony and the various incidental circumstances, and especially after seeing the plaintiffs and hearing their testimony, I am of opinion that they are entitled to the relief asked for. The transaction is, in my opinion, one that a Court of Equity cannot sustain.

I therefore declare that the conveyance in the bill mentioned is fraudulent and void as against the plaintiffs; that the defendant Kealina do within fourteen days execute a re-conveyance of the property to the plaintiff Kaohe; that the temporary injunction be made permanent; that the defendant is entitled to be repaid the sum of fifty dollars—the consideration money paid by him; that the defendant pay to the plaintiff the costs of this suit, the plaintiff being at liberty to set off such costs against the said $50, so far as the same will cover.

A decree to this effect will be signed on presentation.