KUAMU, LUKA, and MRS. C. E. CUMMINGS *vs.* MRS
NIAU IAUKEA and MRS. EMMA M. NAKUINA.

IN EQUITY.    BILL TO REFORM A LEASE.

HEARING, DECEMBER 19, 1894.    DECISION, FEBRUARY 6, 1895.

JUDD, C.J., BICKERTON, J., AND COOPER, CIRCUIT JUDGE, IN PLACE
OF MR. JUSTICE FREAR, ABSENT FROM ILLNESS.

The plaintiff purchased a piece of land subject to a lease for five years
unexpired at the time, being aware that there existed another lease
for twenty years of same land to the defendants, alleged to have
been obtained from plaintiff's grantors by fraud.    One of the defen-
dants demurs on the ground that the complaint fails to state a cause
of action, and argues that a fraud cannot be assigned, and that
plaintiff has no right of action.    Held, that in this case the plaintiff
has a right of action and demurrer is overruled.

Misjoinder of parties is a separate ground for demurrer under the rule.

OPINION OF THE COURT, BY BICKERTON, J.

The bill alleges that " a long time ago " Kuamu and Luka
leased to Mrs. Niau Iaukea a certain piece of land for the
period of five years.    That about the 1st of November, 1893,
Mrs. Iaukea went to Kuamu and Luka and told them that
the lease was lost, and it not being recorded, asked to have a
new lease made, when in fact the said lease was not lost and
was of record in the Government Record Office.    That Kuamu
and Luka, believing Mrs. Iaukea, consented to have a new
lease made for the period of 5 years, rent $75 per annum,
payable semi-annually in advance : said new lease was made
to the defendants and acknowledged but no copy of the same
was given to said Kuamu and Luka.    That the said Kuamu
and Luka are aged and feeble-minded and believed the new
lease was made exactly like the former one, but they now
discover that the new lease was for twenty years, and the

rent not payable in advance ; that the defendants fraudulently took advantage of these old people. That since this last lease Kuamu and Luka have sold the land in question to the complainant, Mrs. C. E. Cummings, and were paid a proper consideration for the same. And prays that the lease may be delivered up and cancelled, and a new lease executed in accordance with the terms of the original agreement.

To this bill the defendant, Mrs. Iaukea, filed an answer, but Mrs. Nakuina demurs to plaintiffs' complaint on the ground that the complaint, so far as she is concerned, fails to state a cause of action. The demurrer was argued on November 22d, 1894, before Judge Whiting, First Judge, Circuit Court, First Circuit, who on December 1st, 1894, filed a decision sustaining the demurrer of defendant Mrs. Nakuina. And the matter now comes here on appeal from that decision.

The rules of the Circuit Court under the head of pleadings, on page 2, provides that " demurrers must distinctly specify the grounds upon which any of the objections to the petition or complaint are taken. It may be taken to the whole complaint or to any of the causes of action stated therein." The third ground named that shall be considered separate ground for demurrer is, " That there is a defect or misjoinder of parties plaintiff or defendant."

The demurrer in this case does not allege as a cause of demurrer the misjoinder of parties, but simply alleges for cause " that said complaint, in so far as this defendant (Mrs. Nakuina) is concerned, fails to state a cause of action." The misjoinder of parties is referred to in the decision of the lower court, but the point not being raised in the demurrer on file, as required by the rule above cited, we do not consider it, or pass upon it directly.

The alleged fraudulent lease which is made part of the bill, discloses that Mrs. Nakuina is one of the lessees and executed the said lease ; she is therefore a party in interest and a party to the transaction. The fact as to whether she was a party to the fraud, or whether she knew of it, is something

that can only be developed on the hearing of the case.    The fact that Mrs. Cummings knew of the alleged fraud at the time she purchased the land, does not, in our opinion, cut any figure in this case; she was informed of the first lease which she knew the land was subject to; she also knew of this alleged fraudulent lease which was a cloud on the title or incumbrance on the land, which she would have to remove before she could get possession of the land at the end of the first lease.    If the second lease was a fraud, then the only legal encumbrance on the land was the first lease.

"Reformation is appropriate, when an agreement has been made, or a transaction has been entered into or determined upon, as intended by all the parties interested, but in reducing such transaction to writing, either through the mistake of both parties, or through the mistake of the plaintiff accompanied by the fraudulent knowledge and procurement of the defendant, the written instrument fails to express the real agreement or transaction.    In such a case the instrument may be corrected so that it shall truly represent the agreement or transaction actually made or determined upon according to the real purpose and intent of the parties."

Pomeroy's Eq. Jur. vol. 2, Sec. 870, p. 344.

The above is exactly the case at bar.    It is contended by the defendant, Mrs. Nakuina, that the plaintiff, Mrs. Cummings, has no right of action, on the ground that a party cannot assign a fraud.    Generally, that would be the law; but this case can hardly be classed as an assignment of a fraud.    It is not an assignment of a bare right to file a bill in equity for a fraud committed upon the assignor; if it were it would be held void.

See 2 Story's Eq. Jur. Sec. 1040, p. 234.

In Waite's Actions and Defenses at page 478, we find the following laid down:  "The executor of a party defendant may file a bill to have a transaction set aside."

*Waloham vs. Stainton*, 1 De G. J. & S., 678.

"A devisee may file a bill to set aside a transaction which has been fraudulently obtained from his testator."

*Harrison vs. Guest,* 6 De G. M. & G., 424.

"The heir-at-law of a person seized in fee may maintain a suit to set aside a transaction into which his ancestor has been induced by fraud to enter."

*Gresley vs. Mousley,* 4 De G. & J., 78.

We believe the principle to be, that where the original holder of the title could have maintained an action for the purpose of setting aside a fraudulent deed, then upon the transfer of the fee, whether by descent, demise or purchase, the devisee, heir at law or grantee is clothed with the same right.

There is a wide difference between the assignment of a bare right to bring a bill to rectify a fraud committed upon the assignor, and an absolute conveyance of the thing the possession of which has been the object of the fraud. In the first instance such a right cannot be assigned so as to be enforceable either at law or in equity, while in the latter case the right becomes attached to and incidental to the ownership of the property. The distinction, then, is between the unconditional conveyance of the property itself, and the transfer of a mere right to sue; in the first case the action is maintainable, in the second, not.

See *Dickinson vs. Burrell,* 1 Law Rep. Eq. Cases, 337.

*McMahon vs. Allen,* 35 N. Y., 403.

*Gruber vs. Baker,* 9 Lawyers' Reps., 308.

It is claimed that the plaintiffs took the deed of the property with notice of the alleged fraudulent lease, and are therefore not bona fide purchasers to that extent.

We do not think that this position can be maintained in this case. A purchaser takes his conveyance subject to all valid outstanding titles and equities, of which he has notice, but this does not, in our opinion, extend to either void or voidable rights of other parties, which exist as a cloud upon the title.

This is not an action brought against a grantor or those lawfully claiming under him, but by a grantee upon whose

grantor an alleged fraud has been perpetrated the result of which now stands against the plaintiff's title.

The demurrer should be overruled, and it is so ordered.

*W. C. Achi*, for plaintiffs.

*J. L. Kaulukou* and *E. Johnson*, for defendant Niau Iaukea.

*W. A. Kinney*, for defendant E. M. Nakuina.

HEARING, DECEMBER 19, 1894.     DECISION, MARCH 28, 1895.

