BRUCE CARTWRIGHT, EDITH W. MORTON and MAUD AULD, Plaintiffs, *v.* CHARLOTTE K. IAUKEA and CURTIS P. IAUKEA, Defendants.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JULY 11, 1900.          DECIDED OCTOBER 17, 1900.

FREAR C.J., GALBRAITH, J., AND CIRCUIT JUDGE STANLEY, IN PLACE OF PERRY, J., ABSENT.

Where the evidence clearly shows that a deed, through carelessness or mistake of the draftsman, does not express the intention of the parties thereto, a court of equity will reform the same so as to express the intention of the parties at the time of its execution.

OPINION OF THE COURT BY GALBRAITH., J.

Appeal from decree of the Circuit Judge of the First Circuit ordering reformation of a deed.

The facts are that on January 29th, 1876, Uwini and James Auld, husband and wife, conveyed by deed to Alexander J. Cartwright, as trustee, certain real and personal property in said deed described, upon trust to pay the income therefrom to the grantor Uwini Auld during her natural life and upon her decease

to pay the same for the support, maintenance and education of her three children, Edith, Maud and Mary Auld and her niece, Charlotte K. Iaukea, nee Hanks, one of the defendants, for and during their natural lives, and after the death of the last survivor the corpus and accumulated income of said property to be conveyed and delivered to the heirs at law of the survivor; and upon certain other trusts in said deed named. That at the time of the execution of said deed the defendant Charlotte K. Iaukea was the owner in her own right of an undivided interest in certain of the real estate purported to be conveyed to the said trustee by the deed aforesaid, to wit, (a) the house and lot at the corner of Nuuanu and Hotel streets, Honolulu, R. P. No. 1116; (b) two parcels of land situated at Kauluwela, Nuuanu Valley, being Apanas 1 and 2 of R. P. 3570; and (c) a piece of land at Hooulu, Waikiki, R. P. No. 2018, and also claimed an undivided interest in another piece of property described in said trust deed situated at Kamanuwai, Honolulu; that the trustee denied and disputed this last claim; that Alexander J. Cartwright accepted the trust and entered upon the discharge of his duties thereunder.

That shortly after the death of Uwini Auld the defendants and the trustee entered into negotiations, apparently, looking to the severing of defendants' interest in the three pieces of property above enumerated and on November 23d, 1878, the defendants executed the following agreement in writing, to wit:

"Honolulu, November 23, 1878. In consideration of the sum of one dollar to us in hand paid, and in consideration of the sum of seventeen hundred dollars to be hereafter paid, and in consideration of the execution of a deed to us of the half interest of the children of James and Uwini Auld in the land situated at Hooulu, Waikiki, Oahu, we do hereby agree to sell and convey to Alex. J. Cartwright, trustee of the minor children of James and Uwini Auld, all our right, title and interest of, in and to the real property at present used and occupied and in the possession of A. J. Cartwright, trustee as aforesaid, and to execute and deliver a good and valid deed for the same whenever requested so to do.

Subject however to the approval of the court, if deemed necessary to obtain the same. Saving and reserving any interest which we may have in land at Kamanuwai, which is contended upon part of A. J. Cartwright that parties hereto (C. P. Iaukea and Charlotte Iaukea his wife) have no interest in.

CHARLOTTE K. IAUKEA,

CURTIS P. IAUKEA.

Witness

CECIL BROWN."

That, in pursuance of said agreement, on the 6th day of December, 1878, the said trustee executed and delivered to the defendant Charlotte K. Iaukea a release of all his right, title and interest as such trustee in the tract of land situated at Hooulu; that the consideration recited in said deed was "of a deed executed by the party of the second part and C. P. Iaukea, her husband, to him as such trustee as aforesaid and for other good and valuable considerations him moving;" that on the same day the defendants executed an instrument in writing whereby they conveyed to the said trustee "in consideration of the sum of seventeen hundred dollars to them in hand paid by the said party of the second part as such trustee as aforesaid" * * * "and for other good and valuable considerations them moving," released and quit claimed "unto the said party of the second part and to his successors in said trust forever" the land at the corner of Nuuanu and Hotel streets and the two apanas at Kauluwela, "and also all the right, title, interest, property possession claim and demand whatsoever as well in law as in equity of the said parties of the first part of, in or to the above described premises of every part and parcel thereof and the appurtenances." That the habendum clause of said instrument is as follows: "To have and to hold all and singular the above described premises together with the appurtenances unto the said party of the second part, trustee, and his successors as aforesaid, upon the same trusts, terms and conditions and with the same powers and authority as are contained in the deed of trust hereinbefore referred to."

That the $1700.00, a part of the consideration recited in said instrument last named, was paid to the defendants; that the defendants did not receive from the trustee any share of the in-

come from the property described in the trust deed from Uwini Auld and her husband, nor participate as beneficiaries thereunder, nor claim any interest therein until some eighteen or nineteen years after the execution of the deed of release and quitclaim aforesaid and a few months prior to the commencement of this proceeding.

The bill alleges that through mistake or inadvertance on the part of the trustee or of the attorney who drafted the deed of December 6th, 1878, from the defendants to the trustee, the property described in said deed was left subject to all of the trusts as expressed in the deed from Uwini Auld and her husband to Alexander J. Cartwright, trustee, thus continuing the defendant, Mrs. Iaukea, the same beneficial interest in the property which she had in said instrument expressly released and quitclaimed, whereas it was the intention of all parties concerned, at the time, that Mrs. Iaukea should no longer have any beneficial interest in said property, and prays for a reformation of the said deed accordingly. The defendants deny this and allege that the deed of December 6th, 1878, correctly expresses the intention of the parties and that the defendants only intended by said instrument to release and quitclaim Mrs. Iaukea's undivided interest in the property still holding and retaining her interest as one of the beneficiaries under the trust deed.

The only issue presented is one of fact. Did the defendants know of Mrs. Iaukea's interest under the trust deed at the time of making the agreement of November 23d, 1878? And did they execute the deed of December 6th, 1878, to A. J. Cartwright as trustee with full knowledge of this interest? We believe under the evidence that each of these questions should be answered in the affirmative, and that at the time of the execution of said deed, the defendants intended to relinquish all claim to the property and that it was not their intention or expectation, at the time, to reserve the interest of Mrs. Iaukea as *cestui que trust* under the trust deed.

The finding of the Circuit Judge was as follows: "I believe upon all the evidence, however, and find that it was the intention and understanding of the parties at the time that the defendants

were releasing all of their interest, whether beneficial or equitable or otherwise, in the premises situated at the corner of Nuuanu and Hotel streets, R. P. 1116, L. C. A. 48 to Kahanaumaikai, and in Apanas 1 and 3 of R. P. 3570, L. C. A. 1099 to Wahinekapu, to A. J. Cartwright upon the trust named in the deed from Uwini other than those expressed in favor of Mrs. Iaukea. In my opinion the deed in question should be reformed so as to correctly express and carry out this intention and understanding."

The evidence clearly sustains this finding, and we therefore affirm the decree appealed from.

*Kinney, Ballou & McClanahan* for plaintiffs.

*Lyle A. Dickey* and *W. A. Whiting* for defendants.