*W. F. Frear* (*Frear, Prosser, Anderson & Marx* on the brief) for defendant.

———

THOMAS P. CUMMINS *v.* JOHN A. CUMMINS, TRUSTEE FOR LYDIA A. CUMMINS, AND LYDIA A. CUMMINS.

No. 1037

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.
HON. C. W. ASHFORD, JUDGE.

ARGUED NOVEMBER 19, 1917.        DECIDED DECEMBER 11, 1917.

QUARLES AND COKE, JJ., AND CIRCUIT JUDGE HEEN IN PLACE OF ROBERTSON, C.J., DISQUALIFIED.

FRAUD—*false representation—procuring execution of conveyance.*

Where complainant executes a conveyance for the benefit of his wife, without reading the instrument, but relies upon her assurance that the same contained the terms of a prior oral agreement between them, when in fact the terms of the instrument were more favorable to the wife and correspondingly detrimental to the husband, equity will afford relief to the injured party.

Opinion of the Court.

SAME—*negligence—failure to read instrument—effect.*

> Where a person signs an instrument without reading it, when he can read, he cannot, in the absence of fraud, deceit or misrepresentation, avoid the effect of his signature, but the rule is otherwise where its execution is obtained by a misrepresentation of its contents.

SAME—*misrepresentation—effect of when relating only to portion of contract.*

> A fraudulent misrepresentation, even though it relates only to a portion of a contract, furnishes a complete defense of an enforcement of the whole.

HUSBAND AND WIFE—*fraud—effect of when perpetrated by wife against husband.*

> If a wife by fraud and imposition on her husband induces him voluntarily to transfer property to her for her benefit a court of equity will afford him relief and compel reconveyance.

OPINION OF THE COURT BY COKE, J.

This suit involves the validity of a conveyance made by appellant Thomas P. Cummins to respondent John A. Cummins, trustee for Lydia A. Cummins, by which one-half of all moneys, funds or income of complainant is conveyed to respondent John A. Cummins for the support and maintenance of respondent Lydia A. Cummins and the minor children of herself and the said complainant. The bill of complaint recites that at the time of the execution of the conveyance the complainant and said Lydia A. Cummins were legally married and had several minor children dependent upon complainant for support and maintenance; that respondent Lydia A. Cummins had informed complainant that she desired to live separate and apart from him and to have the custody and care of said minor children; that prior to the execution of the conveyance an oral agreement was made between complainant and the respondent Lydia A. Cummins to the effect that complainant should execute to respondent John A. Cummins, as trustee for respondent Lydia A. Cummins, an instrument conveying one-half of all his moneys, funds, in-

come and salary for the maintenance of said minor children, but as the several minor children became of age or self-supporting the amount to be received under the terms of said conveyance should be reduced proportionately, and upon all of the minor children reaching the age of majority or becoming self-supporting said conveyance should be canceled; that for the purpose of putting into writing this oral agreement the complainant and respondent Lydia A. Cummins proceeded to the office of a firm of attorneys where a written conveyance was handed to complainant for execution; that at that time the respondent Lydia A. Cummins represented to the complainant that the said conveyance so handed to complainant for execution was in accordance with their prior agreement and that said conveyance provided that the sums of money set over to the respondent John A. Cummins, trustee for the respondent Lydia A. Cummins, would be reduced proportionately as said minor children became of age or self-supporting and that finally the conveyance would be canceled and all payments cease thereunder when all the children were of age or self-supporting, but that as a matter of fact no such provisions were contained in the written conveyance. The complainant thereupon signed and executed the conveyance not knowing its contents but believing it to contain the terms of the oral agreement made between himself and wife. It is further averred that the respondent Lydia A. Cummins, prior to and at the time of the execution of the conveyance, knew that the same did not contain the provisions agreed upon between herself and the complainant, but that on the contrary she was well aware of the provisions contained in the written conveyance; that the respondent Lydia A. Cummins fraudulently induced complainant to execute the conveyance with the intent and purpose of defrauding complainant of his property. Upon the theory that the

agreement was obtained by fraud the conveyance is sought to be canceled. The respondents demurred to the bill of complaint, setting up twelve different grounds of demurrer. After a hearing the judge gave judgment sustaining said demurrer and dismissing the bill of complaint and complainant comes to this court on appeal.

All of the grounds specified in the demurrer have been carefully considered, but for the purpose of this opinion it is unnecessary to comment at length upon any of the grounds of demurrer except paragraph 5 thereof, which specifies that "no sufficient facts or circumstances or valid excuses or reasons are alleged or set forth in said bill of complaint sufficient to excuse the said respondent Thomas P. Cummins for his failure or neglect to advise himself fully as to the contents and effect of said conveyance before he executed the same. This presents for our consideration the dominant question in the case, to wit: To what extent may a person rely upon the representations of another concerning the contents of an instrument which he is about to execute, and to what extent will he be excused for the lack of the exercise of diligence and care? The question is now before this court for the first time. What then is to be the policy of the law in this jurisdiction? Is it better to encourage negligence in the foolish or fraud in the deceitful? Either course has its obvious dangers, but judicial experience exemplifies that the former is the less objectionable and hampers less the administration of pure justice. The law is not designed to protect the vigilant alone, although it rather favors them, but is intended as a protection to even the foolishly credulous as against the machinations of the designedly wicked. While it may be claimed that the parties to this cause were to a certain extent dealing with adverse interests involved, yet from the pleadings there is no intimation that the transaction was other

than a friendly one between them and the conveyance prompted by a desire on the part of the complainant Cummins to provide sustenance for his minor children so long as the same might be required by them, even though they, together with their mother, were to live separate and apart from him. The record shows that the complainant and his wife, having agreed upon the terms of the conveyance to be executed by the complainant, proceeded together to the offices of the attorneys who had in advance prepared the conveyance; that the wife knew the contents of the instrument submitted to complainant for his signature and the complainant did not know its contents; that upon being assured by his wife that the document was in accordance with their prior oral agreement he signed and executed the same without reading it.

"A person who by means of the confidential relations with another, by deceit and imposition obtains property of the other, will be compelled in a proper case by a court of equity to make restitution to the person injured; so if a wife by fraud and imposition on her husband induces him voluntarily to transfer property to her for her benefit a court of equity will afford him relief and compel reconveyance. There is nothing in the marriage relation that prohibits such relief. If it were not so there would be a wrong without a remedy." 13 R. C. L. p. 1355.

There is a strong present day tendency by the courts as well as the text writers to require the utmost good faith by all the parties concerned in a transaction of this nature even though they be strangers to each other and even when no trust or confidential relations exist between them. The law recognizes in many circumstances the right of a man to rely upon the statements of another. There is indeed a strong inclination on the part of the courts to hold, without any qualification that a person

guilty of fraudulent misrepresentation cannot escape the effects of his fault on the ground of the injured party's negligence.

"One of the largest classes of cases in which courts of equity are accustomed to grant relief is where there has been a misrepresentation or *suggestio falsi.*" 10 R. C. L. p. 323.

"Where the party intentionally or by design misrepresents a material fact, or produces a false impression, in order to mislead another, or to entrap or cheat him, or to obtain an undue advantage of him; in every such case there is a positive fraud in the truest sense of the term." 1 Story, Eq. Jur., p. 189.

And a fraudulent misrepresentation, even though it relates only to a portion of a contract, furnishes a complete defense to an enforcement of the whole. See 2 Pomeroy, Eq. Jur., p. 387.

"It is well settled that a person who signs an instrument without reading it, when he has the opportunity to read it and can read, cannot avoid the effect of his signature merely because he was not informed of its contents. * * * On the other hand, it is held that the instrument may be avoided where its execution is obtained by misrepresentation of its contents, so that the party signs a paper he did not know he was signing and did not really intend to sign, even though he had an opportunity to read the paper or to have it read to him and did not do so." 12 R. C. L. pp. 386, 387.

"It seems plausible at first sight to contend that a man who does not use obvious means of verifying the representations made to him does not deserve to be compensated for any loss he may incur by relying on them without enquiry. But the ground of this kind of redress is not the merit of the plaintiff, but the demerit of the defendant, and it is now settled law that one who chooses to make positive assertions without warrant, shall not excuse himself by saying that the other party need not have relied upon them. He must show that his representation was not in fact relied upon. * * * In short,

nothing will excuse a culpable misrepresentation short of proof that it was not relied on, either because the other party knew the truth, or because he relied wholly on his own investigation, or because the alleged fact did not influence his action at all." Pollock on Torts, 293, cited in *Griffin* v. *Roanoke R. & L. Co.,* 53 S. E. 307, 309.

"The doctrine is well settled that, as a rule, a party guilty of fraudulent conduct shall not be allowed to cry 'negligence,' as against his own deliberate fraud. Even where parties are dealing at arms' length, if one of them makes to the other a positive statement, upon which the other acts (with the knowledge of the party making such statement) in confidence of its truth, and such statement is known to be false by the party making it, such conduct is fraudulent, and from it the party guilty of fraud can take no benefit. While the law does require of all parties the exercise of reasonable prudence in the business of life, and does not permit one to rest indifferent in reliance upon the interested representations of an adverse party, still, as before suggested, there is a certain limitation to this rule, and, as between the original parties to the transaction, we consider that where it appears that one party has been guilty of an intentional and deliberate fraud, by which, to his knowledge, the other party has been misled, or influenced in his action, he cannot escape the legal consequences of his fraudulent conduct by saying that the fraud might have been discovered had the party whom he deceived exercised reasonable diligence and care." *Linington* v. *Strong,* 107 Ill. 295, 302; *Kilmer* v. *Smith,* 77 N. Y. 226.

If at the time of the execution of the conveyance referred to the respondent Lydia A. Cummins had remained noncommittal the complainant could expect no relief in equity although the terms of the document were not in accordance with his prior agreement with his wife, but the fact that she falsely assured him that the document which he was about to sign did contain such terms, and that relying upon this assurance respondent executed

the conveyance, the case is brought clearly within the definition of fraud, and equity will afford relief.

"It is well settled that a person who signs an instrument without reading it, when he can read, cannot in the absence of fraud, deceit or misrepresentation, avoid the effect of his signature because not informed of its contents. * * * But the rule is otherwise where its execution is obtained by misrepresentation of its contents; the party signing a paper he did not know he was signing, and did not really intend to sign. It is immaterial in the latter aspect of the case that the party signing had the opportunity to read the paper for he may have been prevented from so doing by the very fact that he trusted to the truth of the representation made by the other party with whom he was dealing." *Beck & Pauli Lith. Co.* v. *Hauppert*, 16 So. 522; *Burroughs* v. *Pacific Guano Co.*, 1 So. 212; *Cent. of Ga. Ry. Co.* v. *Goodwin*, 47 S. E. 641; *Wilcox* v. *American Telephone & Telegraph Co.*, 68 N. E. 153.

Judicial veneration for the rule which pronounces a written contract the highest and best evidence of an agreement between the parties cannot successfully protect such a contract when it is assailed upon the ground of fraud in its procurement. Upon obvious grounds of policy and necessity a written instrument executed by parties for the purpose of expressing and showing an agreement entered into between them is not to be avoided except by clear, strong and satisfactory evidence, but this relates to the subject of proof, not of pleading.

· Counsel for respondents have urged the case of *Cummins* v. *Carter*, 17 Haw. 71, as an authority applicable to the case now under consideration, but in that case this court held that the deed sought to be annulled was read to the grantor from end to end and that *"no fraud or deception was practiced upon him."* Likewise is the case of *Upton* v. *Tribilcock*, 91 U. S. 45, cited by respondents, clearly distinguishable from the case at bar.

For the purpose of the consideration of the demurrer of the respondents herein the allegations in the bill of complaint are to be taken as confessed. Wherefore, and in view of the law as herein expressed, we are of the opinion that the bill of complaint sufficiently states a cause of action and that the demurrer of respondents should have been overruled.

The order sustaining respondents' demurrer and the judgment dismissing the action are hereby reversed and the cause is remanded to the circuit judge with instructions to overrule respondents' demurrer.

*W. B. Pittman* (*Andrews & Pittman* on the brief) for complainant.

*R. A. Vitousek* (*Thompson & Cathcart* on the brief) for respondents.