JOSE FURTADO *v.* MANUEL FURTADO REZENTS
AND THE BALDWIN BANK, LIMITED.

No. 2173.

SUBMITTED JANUARY 30, 1935.    DECIDED OCTOBER 7, 1935.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY PETERS, J.

This is an appeal from a decree canceling a deed from the petitioner to his son Manuel Furtado Rezents upon the ground of fraud. The trial court granted ancillary relief immaterial to the issues on this appeal.

No specifications of error are included in appellant's brief as required by the rule of court. This is a fault of recurring frequency and if persisted in the court for its own protection will be compelled to resort to punitive measures.

Appellant claims that there exists a fatal variance between the allegations of the bill and the petitioner's proof; that whereas the bill alleges that the execution by petitioner of the deed, cancellation of which is prayed, was induced by two undertakings on the part of Manuel, one to support and maintain the petitioner for life and the other to purchase the property subject to the deed for the sum of $2000 upon petitioner's death, the evidence adduced by the petitioner and all the inferences of which the same is capable sustained but a single undertaking to purchase. Assuming but not deciding that appellant is correct and that the execution of the deed in question was induced solely by the undertaking of Manuel to purchase the premises for the consideration named, holding as we hereinafter do that the undertaking by Manuel to purchase the property was fraudulently made, the variance, if any, is immaterial. Proof of a lesser number of acts of fraud than those alleged does not constitute a fatal variance. *Cummins* v. *Cummins*, 24 Haw. 116.

Appellant further contends that the court erred in holding and deciding that the deed in question was secured by fraud or misrepresentation as to its contents, but on the contrary its execution was the result of mistake contributed to by the negligence of the petitioner.

Constructive fraud is present. The trial court made no specific finding upon the subject but the evidence of the petitioner is clear and convincing to the effect that during the negotiations between him and his son Manuel, which led up to the undertaking of the latter to buy, it was understood between them that both title to and possession of the premises should remain in the father during his life and that no present interest in the premises was acquired by the son. And yet despite the fiduciary relationship that then existed between petitioner and his son Manuel, which the trial court expressly found and

which we see no reason to disturb, Manuel secured the father to execute a deed, drafted by an attorney of the son's selection, conveying the premises to Manuel absolutely in fee. The deed is in the usual form of a bargain and sale deed and was executed by the petitioner by affixing his mark. It does not include a reservation of any estate in the petitioner for life or otherwise and acknowledges the payment by Manuel to the petitioner of the recited consideration of $2000, which admittedly was false. From the facts and the relations of the parties the law presumes fraud. *Christley* v. *Magoon,* 13 Haw. 402, 411; *Keauloa* v. *Ewaliko,* 33 Haw. 461, 464; *Hall* v. *Winam,* 14 Haw. 306, 310; *Keanu* v. *Kamanoulu,* 20 Haw. 96, 101; *Meheula* v. *Hausten,* 29 Haw. 304, 313.

Actual fraud is also present. To rebut the presumption raised by constructive fraud, respondent offered evidence in support of the claim that the transaction was an out-and-out sale; that he paid the petitioner the consideration of $2000 on May 19, 1930, two days after the execution of the deed in question. And to sustain his claim of payment he produced a receipt of even date, signed by the petitioner with his mark, acknowledging the payment to him by the respondent of $2000 "in full payment of my land in Kula which I have sold to my son Manuel F. Rezents." This receipt was drafted, by Manuel's procurement, by the same attorney who drafted the deed. The trial court found, and we fail to see how it could have found otherwise, that no such payment had ever been made either in whole or in part. Nor did the appellant seriously contend in his brief that the trial court had erred in so holding. He dismissed the subject with the observation, "This was a finding of fact upon conflicting evidence, which we presume will not be disturbed on appeal." Whether that presumption was based on lack of confidence in the evidence of payment or in this court does

not appear. Were there any question of the propriety of the finding, even though the evidence be conflicting, this court would unhesitatingly exercise the acknowledged statutory power reposed in it in cases brought to it upon appeal to review the evidence and if found necessary to make a contrary finding of its own. It has done so in the past and we trust will continue to do so where the occasion demands. Moreover, we have carefully reviewed the evidence adduced by the respondent in support of the claim of payment, consisting mainly of the evidence of the respondent and the immediate members of his family, and find it to be palpably false. The defense in respect to payment was a false and fabricated one. It admits of the inference that at the time of the negotiations between the petitioner and his son Manuel and of the undertaking by the latter to purchase the premises he never intended to pay the petitioner the stipulated purchase price and secured the execution by the petitioner of the receipt of May 19, 1930, under the pretext, as testified to by the petitioner, that the receipt contained provisions for the petitioner's support by his son. The original negotiations were conceived in fraud—actual fraud—and the deed and the receipt which followed are but the incidents of a continuing fraud culminating in a false and fabricated defense in respect to payment.

It is true that both the deed and the receipt were translated to the petitioner prior to execution but this did not excuse the betrayal of confidence of which the son was guilty. The trial court found, and the findings were amply sustained by the evidence, that in 1930 the petitioner was a man seventy-six years of age; that he could neither read nor write; that his hearing was and for years had been impaired; that he had comparatively little knowledge of business and could quite easily be misled by a person in whom he reposed confidence; that while petition-

er was in possession of his mental faculties these "mental faculties" were only such as are found in and common to those who have enjoyed very limited contact with the world at large—a class invariably found to rely upon some one or more members of their own family; the type that is so frequently imposed upon; that the father executed the deed sought to be canceled in the honest belief that the document was merely carrying out the oral agreement theretofore had between the parties; that although the instrument was read to the father and explained in his native tongue, to this aged, illiterate, simple-minded man, who reposed implicit trust in his son, who was present at the time, and, as he unquestionably believed, helped bring about the final act that was to consummate their oral agreement, there was nothing to fear; that the document read might just as well have been a lease or a mortgage; that the father was quite incapable of understanding the document.

Obviously the parties were not dealing upon terms of equality. No element was present to cause the petitioner to believe that he could not continue to rely upon his son Manuel. He sought no independent advice except that of another adult son, and then only to satisfy his own mind that he was acting fairly toward all of his children by providing that the purchase money when paid should be distributed equally among them. It does not appear affirmatively whether the attorney who drafted the deed was employed by the son individually or as the agent of his father. He had, however, acted for the father professionally on previous occasions. They had known each other socially, and favorably so, for many years. Nothing appears to have occurred upon the execution of the deed except its translation by the attorney into the language of the petitioner's birth. It is reasonable to conclude that petitioner assumed that the attorney, similarly as his son and him-

self, was advised fully of the facts; that a deed in his opinion was one of the effective steps affecting the agreement which he had made with his son, and having implicit confidence in his son and relying upon the latter's oral promises he willingly signed the deed.

The findings of the trial court, without more, present a case of equitable relief. *Kukuinui* v. *Naihe*, 5 Haw. 462; *Ainini* v. *Kala*, 6 Haw. 16; *Kapea* v. *Moehonua*, 6 Haw. 49; *Kekaha* v. *Iaea*, 6 Haw. 613; *Kaohe v. Kealina*, 7 Haw. 182; *Aldrich* v. *Hassinger*, 13 Haw. 138; *Keanu* v. *Kamanoulu*, 20 Haw. 96.

Appellant contends, however, that the relief to which petitioner is entitled is not cancellation of the deed complained of but is reformation to conform the deed to the terms of the parol agreement. Reformation assumes the pre-existence of an enforceable contract upon the terms of which there has been a meeting of the minds of the parties. *Kuamu* v. *Iaukea*, 9 Haw. 612, 614; *Cartwright* v. *Iaukea*, 13 Haw. 98, 102. Where, as here, the minds of the parties have not met due to the actual fraud of one of the parties as to the terms thereof, cancellation and not reformation is the proper remedy. *Ainini* v. *Kala, supra*. Nor is this a case of "mistake," as that term is employed in defining the jurisdiction of courts of equity to reform written instruments. It is the rescission of a contract induced by fraud, the presence of which prevented a meeting of the minds of the parties upon the terms thereof.

The trial court by its decree required petitioner to assume a subsisting mortgage lien on the premises imposed by the respondent after his acquisition of title under the deed in question. The petitioner did not by his bill or otherwise pray indemnification by the respondent for the amount thereof. And the trial court required none. The decree similarly is silent upon the equities, if any, accruing to the respondent by reason of the erection upon the

premises in 1932 of substantial improvements and no complaint was made by the appellant in this court in respect thereto. Under the circumstances these matters have not required our attention.

The court has carefully considered all of the points made by the appellant in his brief and finds the same without merit.

The decree appealed from is accordingly affirmed.

*F. E. Thompson* for petitioner.

*A. E. Jenkins* and *E. J. Botts* for respondent appellant.