## ESTATE OF BERNICE PAUAHI BISHOP.

### Appeal from Order of McCully, J., Admitting Will to Probate.

### January Term, 1885.

### Judd, C. J.; McCully and Austin, JJ.

An appellant from an order admitting a will to probate must show *prima facie* that he is an heir-at-law of the decedent.

A third cousin cannot inherit under our statute.

The Supreme Court has power, by statute, to make rules, and its rules, made pursuant to statute, are law.

An appellant, who has lost the right of appeal, cannot transfer it to another.

### Opinion of the Court, by Judd, C. J.

The will of the late High Chiefess Bernice Pauahi Bishop was duly admitted to probate on the 2d day of December, A. D. 1884, before Mr. Justice McCully. At the hearing one P. F. Koakanu appeared personally, and stated that he was an heir-at-law of the decedent, and desired to contest the will. He did not offer to establish his relationship, and he did not offer any evidence against the admission of the will to probate, nor did he cross-examine the witnesses examined by the proponents.

On the 12th day of December, however, he took the steps necessary to an appeal from the order of probate to the Supreme Court, and the cause was placed on the calendar for the January term. The case was called and continued several times at his request, and finally, on January 30, 1885, the last day but one of the term, he appeared by his counsel, M. Thompson and G. B. Kalaaukane, Esqs., and desired a further delay, in order to prepare his case. This not being deemed reasonable by the Court, he presented his case and the Court dismissed the appeal, but allowed him ten days to come in with a motion to reinstate the appeal upon affidavits showing that the contestant had a standing in Court. We do not here give the grounds on which

the appeal was dismissed, in order to avoid a repetition of what will appear later.

The affidavits and motion were duly filed, and argument was had thereon on the 13th of February before the full Court.

The affidavit of the contestant shows himself to be, as stated at the first hearing, a great-great-grandson of Kamehamehanui (not Kamehameha I.), who was also the great-grandfather of the decedent. This would make contestant a remote cousin, or, in common parlance, a third cousin of the decedent.

The law regulating appeals in probate cases (Compiled Laws, p. 394) allows a person claiming before the Probate Judge the estate, or any part thereof, or any interest therein, by virtue of the statutes of descent of property in this Kingdom, to move the appellate Court, if any matter of fact is in issue, that the isssue may be tried before a jury, and such motion is not to be denied.

We think it is not necessary to adduce authorities in support of the proposition that the person desiring to appeal against the decision of the Probate Court, admitting the will to probate, must claim and prove, *prima facie* at least, that he is an heir-at-law of the decedent, and would inherit the property involved, or some interest in it, if the will should finally be refused probate. A case has been shown us by counsel for the proponents which sustains this view: *Taff vs. Hosmer*, 17 Mich. 248, holding that "No one can contest a will which only disposes of property, except the heir-at-law, or next of kin of the testator."

*Estate of Schroeder*, 46 Cal. 305: "One who does not claim any interest in real estate cannot contest an order of sale from Probate Court."

By repeated decisions of this Court, the inheritance of collaterals terminates, under the statute of descent, with the brothers and sisters of the parents of the intestate and their direct descendants.

*Makea vs. Nalua*, 4 Hawn. 221 ; *Kahiuka vs. Hobron*, id. 227.
This would exclude the relationship of third cousin.

But if the will had been for any cause not admitted to probate, the contestant would not inherit, for the decedent left a
36

husband, who would inherit one-half the property, and the other half would, according to the contestant's genealogical tree presented, go to Kalola, a half-cousin. On his own genealogy, therefore, the contestant has no standing in Court.

But he presented to the Court a deed dated 22d December, 1884, wherein for the consideration of one dollar and natural affection, Kalola, claiming to be a half-cousin of the decedent, conveys to contestant all her right, title and interest in the estate of decedent. No question is made as to the right of an heir to assign his possibility of inheritance. The will was admitted to probate December 2d, and the deed was made twenty days after.

By Rule IV. an appeal from a Justice of the Supreme Court in probate must be taken within ten days from the rendition of the decision. As the authority of the Court to make this rule has been challenged, it becomes necessary to cite Section 1015 of the Civil Code: "The Supreme Court may, from time to time, establish by standing rules, such regulations for the taking of appeals, etc., as the said Court may deem necessary for the better administration of justice." Also, Section 833: "The Supreme Court shall have power, from time to time, to make rules regulating the practice and conducting the business of said Court, in all cases not expressly provided for by law; and thereafter to revise said rules, so often as it may be found wise and necessary to simplify said practice, and remedy any abuses or imperfections that may be found to exist therein."

"A rule of Court, made in pursuance of a statute, has the force of law." *Paakuku vs. Komoikehuehu*, 3 Hawn. 642. This is law universally.

Kalolo took no appeal from the decision of the Court admitting the will to probate. She then, by not exercising the right of appeal within ten days, had irrevocably lost it at the time she made the conveyance of her interest to the contestant, and it is too plain to require argument that if she had no right of appeal, she could not transfer such a right to the contestant. Her deed does not clothe her grantee with a power that she did not herself possess.

The affidavits presented for the purpose of showing that contestant has reasonable grounds for attacking the will, consist of

statements that the deponents heard from persons whose names they do not undertake to give, that something was wrong with the will. We fail to find one positive statement of a fact which would tend to disturb the probate of the will. These affidavits cannot be considered as affording any foundation for the motion to reinstate the appeal. Moreover, the affidavits are mainly directed against the codicils, which vary some bequests only, and do not change the general current of the disposition of the property. These were made on the 4th and 9th of October, respectively, and the testatrix died on the 16th. But her will was made on the 31st October, 1883—a year before the death of the testatrix.

We find no ground for disturbing the order made on the 30th of January last, and the contestant's motion is denied, with costs.

*F. M. Hatch,* for proponents.

*M. Thompson* and *G. B. Kalaaukane,* for contestant.

Honolulu, February 18, 1885.