IN THE MATTER OF THE ESTATE OF C. MANAOLE,
Deceased.

EXCEPTIONS.

HEARING, JUNE 27, 1894.        DECISION, JULY 17, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

The contestant upon appeal from a decision of the probate court admit-
ting the will to probate did not show *prima facie* that she would
inherit property from the decedent if the will should be refused
probate. Held, that she was not entitled to a trial by jury.

OPINION OF THE COURT, BY FREAR, J.

This matter was heard in chambers by a Circuit Judge
who admitted the will to probate. On appeal to the Circuit
Court by the contestant Elizabeth Harvey, and motion there
for trial by jury, such trial was had resulting in a verdict for
the contestant. The case now comes here on several excep-
tions, the only one of which necessary to be considered is
that to the overruling of proponent's motion to dismiss the
appeal on the ground that the contestant had not shown her-
self to be an heir of the decedent. The proponent is Malaea
Kealia Manaole, widow of the decedent.

It is unquestioned law that "the person desiring to appeal
against the decision of the probate court, admitting the will
to probate, must claim and prove *prima facie* at least, that he
is an heir-at-law of the decedent, and would inherit the pro-
perty involved, or some interest in it, if the will should final-
ly be refused probate." *Estate of Bernice P. Bishop*, 5 Haw.,
288 ; *Estate of C. Brenig*, 7 Haw., 640. This is a condition
pre-requisite to the trial by jury. The only question here is,
whether *prima facie* proof of heirship was in fact made.

Neither the motion for trial by jury nor the affidavit

accompanying it refers to the matter of heirship. The motion, however, was based on the " records and files herein" as well as upon the affidavit. The only papers among the files which relate to the question of heirship are (1), the sworn petition of the proponent containing an allegation that the contestant is a niece of the decedent, and that one Kale Elia Willie Manaole, is his adopted son; (2), certain articles of adoption duly legalized by a Justice of the Supreme Court, bearing the seal of said Court, and duly recorded in the Registry of Conveyances, whereby the decedent adopted one Keolanui (the same person as Kale Elia above mentioned) as his son and heir; and (3), an unsworn protest against the probate of the will wherein the contestant states in general terms that she is " an heir at law and next of kin " to the decedent. Admitting for the purposes of this case that the person desiring to appeal need not show her heirship herself as by affidavit, but that she may rely upon the records and files in the case, it cannot be seriously contended that her heirship in this case is thus shown even *prima facie*. That there is a son who would inherit to her exclusion is shown by the undisputed articles of adoption and by the petition for the probate of the will. Against these there is only an unsworn protest referring to heirship in general terms without stating what the relationship is. There was no denial of the allegation in the petition, or question raised as to the validity or effect of the articles of adoption.

It may be added that the undisputed evidence adduced at the trial showed that Keolanui was a son and heir of the decedent by adoption and that the contestant was a daughter of decedent's cousin. The court therefore erred in refusing to give the seventh instruction requested by the proponent as follows : " You must find for the proponent of the will, as the contestant has no right to contest the probate of the will, it having been shown to you that Keolanui is by adoption the legal heir of C. Manaole in case the will was not sustained."

The exception to the overruling of the motion to dismiss

the appeal is sustained, the verdict set aside, and case remanded to the Circuit Court for dismissal of the appeal.

*J. A. Magoon,* for proponent.

: *C. W. Ashford,* for contestant.