FOX v. HAARSTICK.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF UTAH.

No. 577.  Submitted January 7, 1895. — Decided March 4, 1895.

In an action upon a contract to sell shares of stock to the plaintiff, the
defendant set up allegations of fraud.  A jury was waived and the court
found separately and specifically upon all the allegations respecting the
contract, and that the contract set up in the complaint was sustained by
the evidence.  No error was assigned or exceptions taken.  *Held,*

(1) That this court cannot review those findings ;

(2) That they are sufficient to sustain the judgment.

THIS was an action brought in the District Court of the
Third Judicial District of Utah by Henry C. Haarstick
against Moylan C. Fox, executor of Sarah M. McKibben,
deceased, to recover damages for the refusal of the defendant
to assign and transfer to the plaintiff fourteen hundred and
fourteen shares of the capital stock of a corporation known as
the St. Louis and Mississippi Valley Transportation Company,
as called for by a contract subsisting between the plaintiff and
Mrs. McKibben during the lifetime of the latter.

At the trial a jury was waived and the case was tried by
the court.  The trial judge made certain findings of facts and
conclusions of law as follows :

" 1.  That the defendant, Moylan C. Fox, is the executor,
duly qualified and acting, of the last will and testament of
Sarah M. McKibben, deceased.

" 2.  That by written correspondence between Sarah McKib-
ben and the plaintiff, dated February 25, 1890, and March 1,
1890, the said Sarah McKibben contracted to sell and deliver to
the plaintiff, within forty days after said date, 1414 shares of
the capital stock of the St. Louis and Mississippi Valley Trans-
portation Company, a corporation organized under the laws
of the State of Missouri, for the sum of ninety-two thousand
five hundred dollars.

" 3.  That before the time of the completion of said contract

arrived, to wit, on the 5th day of March, 1890, the said Sarah M. McKibben died, and the said executor then refused, and ever since has refused and declined to deliver said stock and to carry out and fulfil the contract.

"4. That the plaintiff has been ready and willing to pay the said sum of ninety-two thousand five hundred dollars for the said stock upon the delivery thereof, but the said executor still refuses and declines to accept the same.

"5. That the said stock, at the time when the same should have been delivered, to wit, on or about the 10th day of April, 1890, was of the value of one hundred and four thousand five hundred dollars, and that the plaintiff was damaged, by reason of the defendant's failure to deliver the said stock and fulfil the said ———, in the sum of twelve thousand dollars, with interest thereon at the rate of eight per cent per annum, from the 10th day of April, 1890, amounting at this date to one thousand four hundred and eighty-five dollars, and making the plaintiff's damage in all thirteen thousand four hundred and eighty-five dollars.

"6. That on the 30th day of October, 1890, the plaintiff presented a claim in writing, pursuant to the statute in such case made and provided, demanding the payment of the sum of thirty-six thousand one hundred and seventy-four dollars damages to Moylan C. Fox, executor of said Sarah M. McKibben, deceased, and that on said day the said executor rejected said claim.

"As conclusions of law from the foregoing facts, the court now hereby finds and decides —

"That the plaintiff is entitled to have and recover of and from the defendant the sum of thirteen thousand four hundred and eighty-five dollars, with interest thereon from this date until paid, at the rate of eight per cent per annum, and costs of suit, and judgment is hereby ordered to be entered accordingly."

A motion for a new trial was made and overruled, judgment was entered, and an appeal was taken to the Supreme Court of the Territory of Utah, from whose judgment affirming that of the court below an appeal was taken to this court.

*Mr. C. W. Bennett, Mr. J. A. Marshall,* and *Mr. William M. Bradley* for appellant.

*Mr. Given Campbell, Mr. F. S. Richards,* and *Mr. Arthur Brown* for appellee.

Mr. Justice Shiras, after stating the case, delivered the opinion of the court.

The appellant's contentions are that the trial court erred in failing to make an express finding as to certain defences set up in the defendant's answer, which are alleged to have constituted new matter in avoidance of the contract declared on by the plaintiff, and to have been sustained by evidence, and that the Supreme Court of the Territory erred in approving that action of the trial court by affirming its judgment.

The defensive matter adverted to was thus set forth in the defendant's answer:

"The defendant alleges that, prior to the date of the alleged contract mentioned in the complaint, the plaintiff agreed with the said Sarah M. McKibben to act as her agent in the matter of the sale and disposal of said shares of said stock for her, and represented to her by writing that the said company had lately sustained large losses, and that the shares aforesaid had just depreciated 40 per cent in value, and were not worth the value she placed on them, and undertook to sell and dispose of them for her for $92,500; that, in fact, said company was then in extra prosperous condition and had lately acquired a large cash reserve in its treasury, and was about to declare. and pay a large dividend on said shares of stock, and that the shares had an increased value by reason of that fact and had not depreciated in value; that plaintiff was then and is now president of said company and knew the foregoing facts, and said deceased did not know said facts; and, so knowing, the plaintiff wilfully and fraudulently concealed said facts from the deceased and induced the deceased to believe that she was about to make an advantageous sale, and any and all action taken and communication had by deceased with plaintiff was

induced by and based upon that belief on her part, brought to her mind as aforesaid."

Claiming that this paragraph of his answer presented a distinct, affirmative defence, the appellant contends that, without a formal replication thereto, it was put in issue by virtue of an enactment by the legislature of Utah, which provides that " every material allegation of the complaint not controverted by the answer must, for the purposes of the action, be taken as true; the statement of any new matter in the answer, in avoidance or constituting a defence or counterclaim, must, on the trial, be deemed controverted by the opposite party." Sec. 3248, Compiled Laws of Utah, vol. 2, p. 251. With a material issue thus presented, the appellant claims that the trial court erred doubly in not making a finding on the same, and in not finding that it was sustained by the evidence.

In failing to find at all upon a material issue raised by the pleadings, it is said that the court disregarded certain provisions of the laws of Utah, which are in the following terms: " Sec. 3379. Upon a trial of a question of fact by the court, its decision must be given in writing and filed with the clerk within thirty days after the cause is submitted for decision." " Sec. 3380. In giving the decision, the facts found and the conclusions of law must be separately stated. Judgment upon the decision must be entered accordingly." " Sec. 3381. Findings of fact may be waived by the several parties to an issue of fact, 1, by failing to appear at the trial, 2, by consent in writing filed with the clerk, or 3, by oral consent in open court, entered in the minutes." As it appears in the present record that the defendant did not fail to appear, nor consent in writing, nor by oral consent in court to waive a finding of the issue in question, and as the court made written findings on other issues, it is claimed that the error of the court in failing to make a finding is thus made manifest.

On the part of the appellee it is claimed that the issue presented in the paragraph of the answer heretofore cited was not a material one, containing new matter in avoidance of the plaintiff's claim, but was essentially a mere traverse, equivalent to the general issue; that, whether material or not, it

was not sustained by any substantive evidence, and that therefore there was no error in the action of the trial court, whose findings substantially covered all the real issues in the cause. The appellee cites as pertinent a decision of the Supreme Court of California, from the code of which State the laws of Utah in question in this case are said to have been taken:

"When upon the trial of a cause the court renders its decision without making findings upon all the material issues presented by the pleadings, it is held that such decision can be reviewed upon a motion for a new trial. . . . In such a case there has been a mistrial, and the decision, having been rendered before the case has been fully tried, is considered to have been a decision ' against law.' It will be observed, however, that this rule is only applicable in a case where the issues upon which there is no finding are 'material' — that is, where a finding upon which issues would have the effect to countervail or destroy the effect of the other findings. If a finding upon such issues would not have this effect the issues cannot be regarded as material, and the failure to make a finding thereon would not be prejudicial. . . . If the findings which are made are of such a character as to dispose of issues which are sufficient to uphold the judgment, it is not a mistrial or against law to fail or to omit to make findings upon other issues which, if made, would not invalidate the judgment. If the issue presented by the answer is such that a finding upon it in favor of the defendant would not defeat the plaintiff's right of action, a failure to make such finding is immaterial. . . . If the complaint, as in the present instance, sets forth two or more grounds for relief, either of which is sufficient to support a judgment in favor of the plaintiff, a finding upon one of such issues is sufficient, and a failure to find upon the other does not constitute a mistrial or render the decision against law." *Brison* v. *Brison*, 90 California, 323, 329.

The record discloses the affirmative findings of the trial court, which, of themselves, fully warrant the conclusion of law based upon them, that the plaintiff was entitled to recover. No assignments of error on exceptions taken ask or

empower us to review those findings. If, then, those findings are to be accepted as justified by the evidence, it is difficult to see how the defendant was injured by the failure of the court to pass, in express terms, on those averments of the answer now urged. If, indeed, it be indisputably true, as so found, that by written correspondence between the parties Mrs. McKibben agreed to sell and the plaintiff to buy a stated number of shares of stock at a fixed price, and that the plaintiff, in due time and manner, tendered the purchase money and demanded a delivery of the stock, and that the defendant, as executor of Mrs. McKibben, declined to receive the purchase money and to deliver the stock, those allegations of the answer which are now relied upon must be deemed to have been thereby negatived. In other words, the plaintiff's affirmative case is wholly inconsistent with the truth of the defendant's case, and the conclusive establishment of the truth of the former is necessarily a complete negative of the case asserted by the defendant.

This was the conclusion reached by the Supreme Court of the Territory, which disposed of the question in the following terms: "It is contended that the court erred in failing to find facts on the question of fraud set up in the answer. The court found separatively and specifically that the contract set up in the complaint was sustained by the evidence. This finding necessarily negatives any fraud as alleged, and is sufficient to sustain the judgment."

It is true that this ruling of the Supreme Court of the Territory does not, even in a question of practice arising under the local law, preclude this court from reviewing it, as would a decision of a state Supreme Court in similar circumstances; but unless a manifest error be disclosed, we should not feel disposed to disturb a decision of the Supreme Court of a Territory construing a local statute. So far from discovering manifest error in that ruling, we concur with the Supreme Court of the Territory in their disposition of the question.

The opinion of the Supreme Court of the Territory, disclosed in the record, further shows that that court considered at length the evidence in the entire case, as well that sustaining the

plaintiff's claim as that relied on by the defendant as showing fraud, and concurred in and affirmed the findings and judgment of the trial court. But we do not regard any aspect of the case as open for our consideration except the errors assigned to the action of the Supreme Court of the Territory in ruling that the findings of the trial court sufficiently embraced the issues presented by the pleadings.

The judgment of the Supreme Court of the Territory of Utah is hereby

*Affirmed.*