# LILLIAN H. AULD *v.* FRANK ANDRADE, ET AL.

## No. 1828.

ARGUED APRIL 29, 1929.                    DECIDED MAY 11, 1929.

PERRY, C. J., BANKS, J., AND CIRCUIT JUDGE STEADMAN
IN PLACE OF PARSONS, J., ABSENT.

OPINION OF THE COURT BY PERRY, C. J.

This is a statutory action to quiet title to a piece of land. The only question brought to this court for determination is that of the construction of the will of one Peter Porter Kauhema, who at one time was owner of the land. Kauhema died on May 22, 1871. Two days before his death he executed a will in which he recited that he was suffering from a long illness and that its outcome was uncertain. The will is in Hawaiian. A translation of the material portion contained in the bill of exceptions allowed by the trial judge and acquiesced in as correct by all of the parties concerned is as follows: "I hereby bequeath and give all of my properties, being the land at Kaluaolohe, Waikiki, Honolulu, Oahu, and the land at Kauluwela, Honolulu, Oahu, to my niece, Uwini, (w), by name, who was born of Hannah Hooper Kauhema, my sister, who is living at Lahaina, Maui, to her and to her children born of her body; but if she should die without giving birth to a child or children, then the lands mentioned above shall descend to Uwini Auld, wife of James Auld of Honolulu, and to her own children and to their heirs and assigns." The will further provides that because of his aloha for Uwini Auld the testator appoints her executrix of the will and guardian of the person and property of his niece Uwini and that because of the testator's confidence in Mrs. Auld he wishes that no bond be required of her in the performance of her duties.

Uwini Auld died, intestate, on June 6, 1876. At the time of the death of the testator she had two children liv-

ing, to-wit: a son, Henry William Auld, and a daughter, Edith W. Auld. In March, 1873, another daughter, Maude A. Auld, was born. This son and these two daughters were the only children ever born of Uwini Auld. Henry Auld died, testate, on May 30, 1890, leaving all of his property to his wife, who is the present plaintiff. Uwini, the niece, died on November 26, 1915, without ever having given birth to a child.

Omitting words not now helpful, the provision under consideration reads as follows: "I hereby * * * give all of my properties * * * to my niece, Uwini, * * * to her and to her children born of her body; but if she should die without giving birth to a child or children, then the lands mentioned above shall descend to Uwini Auld * * * and to her own children and to their heirs and assigns."

All of the parties to this controversy seem to agree that the gift to the niece "to her and to her children born of her body" was an attempt to create an estate tail. In this Territory estates tail are not recognized. *Rooke* v. *Queen's Hospital,* 12 Haw. 375; *Nahaolelua* v. *Heen,* 20 Haw. 372; *Kinney* v. *Oahu Sugar Co.,* 23 Haw. 747; *Rosenbledt* v. *Wodehouse,* 25 Haw. 561. It has also been held that when an attempt is made to create an estate tail the provision will be construed either as the creation of a fee simple in the first taker or as the gift of a life estate to the first taker and a remainder in fee to the heirs especially designated, whichever appears to more nearly effect the intention of the grantor or testator, and that ordinarily the devise will be held to take effect as a fee simple unless something appears "which should send it the other way." *Kinney* v. *Oahu Sugar Co., supra,* and other cases above cited.

It is unnecessary in this instance to decide whether there was in fact an attempt in the words now particularly under consideration to create an estate tail, or to

decide whether, if that was the attempt, the provision must be construed to result in a devise of a fee simple to the niece or in the devise of a life estate to her and of a remainder in fee to her children, for, whichever one of these is the correct construction or result, the undoubted fact remains that Uwini, the niece, died without ever having had a child or children born of her body. There can be no doubt that the intent of the testator was that upon the happening of this contingency the later provision in favor of Uwini Auld and of her children, whatever it may mean, was to take effect. If there was a fee simple granted to the niece, it was a fee simple defeasible upon the happening of the contingency and if there was created a life estate to the niece and a remainder in fee to her children, the remainder to the children could not take effect because none were ever born. If there was not an attempt to create an estate tail, it must be because the word "children" was used as a word of purchase and not as a word of limitation, and the same result would follow upon the happening of the contingency.

The only material inquiry, therefore, is whether, regarding the second clause or part of the provision as having taken effect in 1915 upon the death of the niece without having had issue, as it did take effect, Henry Auld, prior to his death in 1890, had any estate or interest in the testator's property which he could, upon his death, devise to his wife, the present plaintiff.

We construe the gift "to Uwini Auld * * * and to her own children and to their heirs and assigns" as being a gift to Uwini Auld of a life estate and to her own children of a remainder in fee, the children taking as a class, the members of which were to be ascertainable upon the happening of the contingency which was upon the death of the niece in 1915. Uwini, the niece, was only four years old when the testator made his will. He could well regard

her as probably living for an ordinary lifetime, say fifty or sixty years. She was evidently the first object of his solicitude; she was a mere child and in his judgment required financial assistance. Whether the devise to her is regarded as a fee simple defeasible or as a life estate, he meant to provide for her for the term of her life in the event of her not having issue. Looking forward to the end of the long period of years when the contingency of the niece's dying without having had children might happen, the testator was not concerned with providing for children of Mrs. Auld who were not then in existence, even though they had theretofore existed, but was only concerned with providing for those who should survive until that time and for those, it might be added, who might thereafter be born. There is no indication in the will of an intention to provide for grandchildren, that is to say, for the children of children who might die before the happening of the contingency. It seems to us to be the natural and obvious meaning of the language used that only those children should take under the later clause or part now being considered who should be surviving at the death of the niece, she dying without having had issue. This is also in conformity with the ordinary rule often laid down that "where under the provisions of the will a gift to a class is postponed either to a particular time or pending the termination of a preceding estate, * * * those members of the class, and those only, take who are in existence at the arrival of the time for distribution, as at the death of the life-tenant, unless the particular language used confines the gift to those in existence at the testator's death, or who are in existence at the date of the will." 40 Cyc. 1477-1479.

"It is a principle quite well recognized that, where a bequest to a class of persons is contingent, the members of the class entitled to take are not determined as of the

death of the testator nor as of any time earlier than the vesting of the estate, for it is not to be supposed that the testator intended that the members of the class should be fixed before it is determined that there is to be a bequest." *In re Savela's Estate,* 163 N. W. (Minn.) 1029, 1030. The devise in this instance was clearly contingent upon the death of Uwini taking place without her having had children. See also 40 Cyc. 1473-1475, 1481-1483; 30 A. & E. Ency. L. 719, 720; *Driskill* v. *Carwile,* 133 S. E. (Va.) 773, 774, 775; *Webber* v. *Jones,* 94 Me. 429, 432; *Baker* v. *Hibbs,* 167 Ia. 174, 179; *Sanders* v. *Byrom,* 112 Tenn. 474, 482; *Drury* v. *Drury,* 271 Ill. 336, 340, 341; *Satterfield* v. *Mayes,* 11 Humph. (Tenn.) 58, 60; and *In re Allen,* 151 N. Y. 243, 247.

So, also, giving to the language used its ordinary significance, it seems to us that the expression "and to their heirs and assigns" refers to the heirs and assigns of the children of Uwini Auld and not to the heirs and assigns of Uwini Auld. The will was drawn with care. Its language cannot be said to be inartificial. It was drawn by one who had been chief justice of this court and who was familiar with the technical expressions frequently used in wills. If it had been the testator's intention to devise (upon the happening of the contingency) to Uwini and her children as tenants in common in equal shares (a devise of a fee simple to all of them), the expression would have been "and to her and their heirs and assigns."

It is unnecessary to say whether the second clause or part of this provision took effect as a contingent remainder or as an executory devise. There is nothing in the nature of either of those estates or interests to stand in the way of the effectuation of the intent of the testator as we construe the provision. The result is the same in either case.

Under this construction of the will, Henry Auld, at his death in 1890, did not have any interest in the property under the will of Kauhema. His death before the happening of the contingency in 1915 disabled him from taking as one of the children of Uwini Auld.

The exceptions are sustained. The judgment entered in favor of the plaintiff as the owner in fee of an undivided one-sixth interest in the land is set aside and a new trial is granted.

*S. B. Kemp* (*Huber, Kemp & Stainback* on the briefs) for plaintiff.

*Marguerite K. Ashford* (*Thompson, Cathcart, Beebe & Winn* with her on the briefs) for Frank Andrade and twelve other defendants.

*N. D. Godbold* (*Heen & Godbold* on the briefs) for Elizabeth Akana and forty other defendants.

*J. G. Anthony* (*Smith, Wild & Hoppe* with him on the briefs) for defendants Gilliland and Fujimoto.