### FERNANDEZ v. ANDRADE et al.

No. 6727.

Circuit Court of Appeals, Ninth Circuit.

June 24, 1932.

Kemp & Stainback, of Honolulu, Hawaii, for appellant.

F. E. Thompson, M. E. Winn, M. K. Ashford, Thompson & Winn, Wm. H. Heen, Norman D. Godbold, and Heen & Godbold, all of Honolulu, Hawaii, for appellees.

Before WILBUR and SAWTELLE, Circuit Judges, and NORCROSS, District Judge.

NORCROSS, District Judge.

This case is on appeal from the Supreme Court of Hawaii. The case was twice tried in the circuit court of the territory upon the same agreed statement of facts, and twice appealed. Upon the first appeal, judgment for plaintiff, Lillian H. Auld, was reversed, and the cause remanded for a new trial. Upon the second trial, judgment was for defendants, and plaintiff appealed.

One question of law only is involved in the case: The construction to be placed upon the will of Peter Porter Kauhema who died May 22, 1871. The will was written in Hawaiian, and was executed May 20, 1871. A translation of material portions of the will reads: "I hereby bequeath and give all of my properties * * * to my niece Uwini (w) by name * * * to her and to her children born of her body; but if she should die without giving birth to a child or children then the land mentioned above shall descend to Uwini Auld, wife of James Auld of Honolulu, and to her own children and to their heirs and assigns."

The testator's niece, Uwini, was but four years old at the time of his death. She died November 26, 1915, without ever having given birth to a child. At the time of the testator's death in 1871, the said Uwini Auld was the mother of two children, a son, Henry William Auld, and a daughter, Edith W. Auld. On March 9, 1873, there was born to Uwini Auld a daughter, Maud A. Auld. On June 6, 1876, the said Uwini Auld died intestate, leaving her said three children surviving. The son, Henry William Auld, died May 30, 1890, without issue, leaving a will by the terms of which all of his property was bequeathed to his wife, Lillian H. Auld, the original plaintiff herein, who died January 26, 1930.

By her suit, Lillian H. Auld sought to establish title to an undivided one-sixth interest in certain land in the city of Honolulu, being the land described in the will of Peter Porter Kauhema, basing her claim to such interest upon the contention that the estate which the children of Uwini Auld took upon the death of Kauhema was so far vested as to be transmissible to the heirs or devisees of such of said children as happened to die prior to the death of the niece, Uwini, in 1915.

In its opinion on the first appeal, Auld v. Andrade, 31 Hawaii, 1, the Supreme Court of Hawaii said: "We construe the gift 'to Uwini Auld * * * and to her own children and to their heirs and assigns' as being a gift to Uwini Auld of a life estate and to her own children of a remainder in fee, the children taking as a class, the members of which were to be ascertainable upon the happening of the contingency which was upon the death of the niece in 1915."

Following the argument upon the second appeal, the Supreme Court made an oral ruling, a portion of which, appearing in the record, we quote: "When this case was before this court on the first appeal it was thoroughly argued and by the same counsel who are in court today. This court gave the case at that time very careful consideration. It has considered the same questions in three later cases. * * * We are still of the opinion that this case was correctly decided on the former exceptions. * * *"

The "three later cases" referred to in the oral ruling above quoted are cited in appellees' brief as being Crescent City Motors v. Nalaielua, 31 Hawaii, 418; Re Estate of Dreier, 32 Hawaii, 32; Bishop Trust Co. v. Thomas, 32 Hawaii, 140.

In Crescent City Motors v. Nalaielua, supra, 31 Hawaii, 418, 422, the court said: "Another rule of construction, one which was adopted and applied in the case of Auld v. Andrade, 31 Hawaii, 1, is that 'when under the provisions of a will a gift to a class is postponed, either to a particular time or pending the termination of a preceding estate, as a rule those members of the class, and those only, take who are in existence at the arrival of the time for distribution, as at the death of the life tenant, unless the particular language used confines the gift to those in existence at the testator's death or who are in existence at the date of the will.' Each of these rules like all other rules of construction, is to be applied only when it serves to aid in the carrying out of the intention of the testator. When its application would serve merely to frustrate that intention, the rule is not to be applied."

The contention of appellant that Henry William Auld took an estate upon the death of Kauhema which he could devise to his wife, and which the latter would be entitled

to receive upon the death of Uwini without issue, is based upon what is claimed to be a general rule of common law, to the effect that, where there is a devise over to a definite class of persons, to take effect on the occurrence of a contingency, those take who constitute the class upon the death of the testator. A number of authorities are cited supporting the rule as construed and applied by the courts of several states. It cannot be said, however, that the rule applied by the Supreme Court of the Territory is not without authority to support it.

This is not a case in which this court is called upon to determine as between varying interpretations or applications of rules of the common law. What is of primary importance in any particular jurisdiction in matters of this character is that the law of the jurisdiction be settled so that conveyances and devises ordinarily may be presumed to be made in contemplation of the existing law.

When the will of the testator Kauhena was executed, what is now the Territory of Hawaii was a kingdom, and its government a constitutional monarchy. The will in question in this case was made nearly thirty years before the Organic Act of the Territory of Hawaii was passed by Congress. Prior to January 1, 1893, the courts of Hawaii were free to adopt or reject the rules of the common law. In re Guardianship of Parker, 14 Hawaii, 347. In Macaulay v. Schurmann, 22 Hawaii, 140, Ann. Cas. 1916E, 1206, the court said: "The common law consists of principles and not of set rules. It therefore admits of different applications under different conditions. Moreover by the terms of our statute it is to be ascertained by American as well as English decisions."

The primary function of a court in construing a will is to determine the intention of the testator. To say that the court erred simply because in the performance of such function it did not apply a law as interpreted by certain states of a then (1871) foreign nation is not convincing. In the case of Kinney v. Oahu Sugar Co., 255 F. 732, 736, this court said: "We take that utterance of the court to be an expression of the settled rule of construction of conveyances and devises in the territory of Hawaii, and that rule we must accept as persuasive, if not of binding force in a case which comes to us from that territory."

It is well settled that local tribunals will not be overruled upon matters of purely local concern, excepting in cases of manifest error. Nadal v. May, 233 U. S. 447, 34 S.

Ct. 611, 58 L. Ed. 1040; Phœnix Ry. Co. v. Landis, 231 U. S. 578, 34 S. Ct. 179, 58 L. Ed. 377; Fox v. Haarstick, 156 U. S. 674, 679, 15 S. Ct. 457, 39 L. Ed. 576; Sweeney v. Lomme, 89 U. S. (22 Wall.) 208, 213, 22 L. Ed. 727; Kinney v. Oahu Sugar Co., supra (C. C. A.) 255 F. 736.

The judgment is affirmed.