## MEYER v. TERRITORY OF HAWAII.

### Nos. 11331, 11332.

Circuit Court of Appeals, Ninth Circuit.

Dec. 2, 1947.

DENMAN, Circuit Judge, dissenting.

O. P. Soares, of Honolulu, T. H., for appellant.

Tom Okino, Deputy Atty. Gen., Territory of Hawaii, of Hilo, Hawaii, and A. J. Zirpoli and Henry W. Robinson, both of San Francisco, Cal., for appellee.

Before GARRECHT, DENMAN, and BONE, Circuit Judges.

GARRECHT, Circuit Judge.

In each of these cases, the appellant was convicted of larceny in the first degree, in the Circuit Court of the Third Judicial Circuit of Hawaii. Writs of error were issued and dismissed by the Supreme Court of the Territory. From the judgments dismissing the writs the present appeals have been taken.

The grounds for the Supreme Court's action are fully set forth in its opinion, 37 Haw. 102, from which we quote in extenso:

"Under the first writ there are nineteen assignments of error and under the second there are twenty-eight, two of the second being expressly abandoned in the briefs. There are thus a total of forty-five assignments submitted for consideration. Nevertheless appellant's briefs, purportedly a presentation for review, contain no itemized statement whatsoever of the errors counted upon for reversal of the judgments below, although without amplification the briefs tersely state that appellant relies upon 'each and every one' of the forty-five assignments of error which cover seventy-one typewritten pages and are incorporated verbatim therein. From this state of the record there arises the question whether the appellant's briefs reasonably and substantially comply with the rule of this court governing the preparation of briefs so as to merit appellate consideration of the assignments of error. The rule provides inter alia that an appellant's brief 'shall contain * * * a specification of the errors which are relied upon.' (Rules Sup. Ct., 36 Haw. 753, rule 3, par. 1 [d].)

"As stated generally in First Trust Co. v. Cabrinha, 24 Haw. 655 at 657, 'The rules of the supreme court are provided for the convenience, guidance and protection of all those having business before it and any attempt to ignore or evade the rules should be summarily checked.' In line therewith, this court repeatedly has emphasized the importance of reasonable and substantial compliance with the above requirement pertaining to an appellant's brief and sufficiently warned appellants in general that failure so to observe it would warrant dismissal. [Cases cited] The salutary effect of such observance is apparent in that the rule requires an appellant, regardless of the mode of statutory appeal, to list concisely and state explicitly those errors upon which he believes the efficacy of the appeal itself depends so as to enable both opposing counsel and the appellate court to appreciate readily whatever cogency his appeal as such may have without resorting to a digest of the record proper. It further directs their attention to the vital questions to be considered and the controlling points to be discussed on appeal, thus affording opposing counsel a better opportunity to meet and answer them intelligently and thereby placing the appellate court in proper position to determine the appeal in expedition of its calendar. The requirement directly synchronizes with the other requirements of the rule that an appellant's brief shall also contain 'a concise * * * statement of the case presenting succinctly * * * the questions involved * * *' and 'a brief of the argument exhibiting a clear statement of the points of law * * * to be discussed and the authorities relied upon in support of each point.' (Rules Sup. Ct., supra, rule 3, par. 1 [c] and [e].) The rule thus serves to consolidate necessary elements of logical approach to and consideration of the subjects of review so that it affirmatively appears from the brief itself that the specified errors relied upon were properly preserved and correlate with the questions involved and the law discussed. (For further comment upon the purpose

and function of such a rule see City of Lincoln v. Sun Vapor Street-Light Co., 8 Cir., 59 F. 756, at page 758.)

"In this case the rule is flagrantly violated both in letter and spirit. The appellant's briefs do not contain any specification of the errors relied upon nor, although presenting a sweeping critique of alleged happenings below, do they purport to discriminate by way of reliance between the crucial and the unimportant. Neither are any portions thereof, either jointly or separately, susceptible to being construed as constituting reasonable and substantial compliance with the requirement of paragraph 1 (d), supra. It is not necessary to pass upon the question whether any of the assignments of error are sufficient as a matter of law in order to say that neither verbatim repetition in the briefs nor the statements therein of the questions involved and briefs of the argument serve or combine to serve the function of a specification of the errors relied upon or possess the requisite quality thereof in respect to brevity and clarity. The assignments advance manifold and multifarious questions which, together with those stated as being involved, are not properly briefed in conformity to the requirement of paragraph 1 (e) supra. In addition, most of the assignments are unduly lengthy and confusing, some are vague, while others embrace divergent points of law. As a result any coherency of presentation for review is destroyed, rendering the questions stated uncertain in application and dissipating whatever force the argument might otherwise have had. Such being the state of the briefs, the requirement of paragraph 1 (d), supra, cannot be evaded by mere statements that the appellant relies upon each and every one of his numerous assignments, nor can he escape thereby the consequences of the fact that his briefs contain no specification of the errors relied upon. Furthermore, the appellant, not having properly briefed the motley array of questions stated and advanced, cannot with reason expect the appellate court to make a painstaking survey of them in order to cull unimportant questions and determine the crucial ones, nor has the right to cast upon it his burden of studying the record and authorities to essay the essential to the maintenance of the appeal and its efficient prosecution.

"In short, the violation and evasion by the appellant's briefs of the mandatory requirement relative to a specification of the errors relied upon give rise to the very evils it is designed to prevent. Consequently if that mandate is to retain any significance, it must be enforced in this case."

The appellant contends that the dismissal of the writs of error by the court below deprived him of his constitutional rights to a fair and impartial trial and to the equal protection of the laws.

Properly to assess the appellant's position, we must consider the extent to which the jurisdiction of Federal and Territorial courts is defined by the Constitution; the organization, status, and rule-making powers of the Supreme Court of Hawaii; and, finally, the authority, if any, of a Federal appellate tribunal to disturb a Territorial court's interpretation and application of local law in general, and of its own rules in particular.

The only Federal tribunal specifically referred to in the Constitution is the Supreme Court of the United States. The opening sentence of Article III, Section 1, reads as follows:

"The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."

A fortiori, the Federal *appellate* power is even more sketchily outlined in the Constitution. Article III, Section 2, Clause 2 provides:

"In all Cases affecting Ambassadors, other public Ministers and Consuls, and those in which a State shall be Party, the supreme Court shall have original Jurisdiction. In all the other Cases before mentioned, the supreme Court shall have appellate Jurisdiction, both as to Law and Fact, with such Exceptions, and under such Regulations as the Congress shall make."

At the threshold of this discussion, therefore, it should be borne in mind that, save for the exceptions noted in the foregoing

excerpt, the appellate jurisdiction of the Supreme Court itself is defined not by the Constitution but by act of Congress. As far as relates to inferior Federal tribunals —including this court—not only their appellate jurisdiction but their very existence depends upon legislative fiat.

The Supreme Court has recognized as "well settled" the rule "that an appellate review is not essential to due process of law, but is a matter of grace." Luckenbach S. S. Co. v. United States, 272 U.S. 533, 536, 47 S.Ct. 186, 187, 71 L.Ed. 394. The same tribunal, however, has held that "while the 14th Amendment does not require that a State shall provide for an appellate review in criminal cases * * * it is perfectly obvious that where an appeal is provided for, and the prisoner has had the benefit of it, the proceedings in the appellate tribunal are to be regarded as a part of the process of law under which he is held in custody by the state, and to be considered in determining any question of alleged deprivation of his life or liberty contrary to the 14th Amendment." Frank v. Mangum, 237 U.S. 309, 327, 35 S.Ct. 582, 587, 59 L.Ed. 969. See also Cochran v. Kansas, 316 U.S. 255, 257, 258, 62 S.Ct. 1068, 86 L.Ed. 1453.

Next to be considered is the place occupied by the Supreme Court of Hawaii in the appellate hierarchy. Upon this question, the Supreme Court of the United States has thrown considerable light. In Waialua Agricultural Co. v. Christian, 305 U.S. 91, 107, 108, 59 S.Ct. 21, 29, 83 L.Ed. 60, the Court, after reviewing certain statutes providing for appeals from the Territorial Supreme Court, continued:

"In each of these successive enactments the Congress has recognized, to some degree, the autonomous position of the Supreme Court of the Territory.

"This recognition is natural. The territorial court has general appellate jurisdiction of cases involving the mores and statutes of an archipelago, the first known compilation of whose laws appeared in 1842. Isolated until the day of electrical communication and aerial transportation from continuous contact with other peoples, and inhabited by diverse stocks of Ocean-

ica, Asia, Europe and America, it developed, as an independent kingdom, a jurisprudence adapted to its needs. The constitution of Kamehameha III established a Supreme Court of the Kingdom in 1840 and defined its jurisdiction. The common law and the civil law were sources of information but not of authority. Until 1892, lacunae were filled by the judges. The laws developed were largely left in force by the Organic Act."

We turn now to the rule-making power of courts in general, and of the Supreme Court of Hawaii in particular.

The district courts of the United States "may, from time to time, and in any manner not inconsistent with any law of the United States, or with any rule prescribed by the Supreme Court, * * *, make rules and orders directing the returning of writs and processes, the filing of pleadings, the taking of rules, the entering and making up of judgments by default, and other matters in vacation, *and otherwise regulate their own practice as may be necessary or convenient for the advancement of justice and the prevention of delays in proceedings.*" 28 U.S.C.A. § 731. [Emphasis supplied] Cf. Rule 83 of the Federal Rules of Civil Procedure. See also Heckers v. Fowler, 2 Wall. 123, 128, 69 U.S. 123, 128, 17 L.Ed. 759, and Galveston Dry Dock & Const. Co. v. Standard Dredg. Co., 2 Cir., 40 F.2d 442, 444.

The Supreme Court of Hawaii shares in this basic power of a tribunal to prescribe rules for the conduct of its own business. Section 9613 of the Revised Laws of Hawaii 1945 reads as follows:

"*Rules.* The supreme court may, from time to time, make rules consistent with existing laws for regulating the practice and conducting the business of the court, and thereafter revise such rules at its discretion; but in no case shall have power to impose costs not expressly authorized by law. * * *"

The rationale of this rule-making power of the courts is thus expounded in Washington-Southern Navigation Company v. Baltimore & Philadelphia Steamboat Company, 263 U.S. 629, 635, 44 S.Ct. 220, 222, 68 L.Ed. 480:

"The function of rules is to regulate the practice of the court and to facilitate the transaction of its business. This function embraces, among other things, the regulation of the forms, operation and effect of process; and the prescribing of forms, modes and times for proceedings. Most rules are merely a formation of the previous practice of the courts. Occasionally, a rule is employed to express, in convenient form, as applicable to certain classes of cases, a principle of substantive law which has been established by statute or decisions."

Again, in Missouri, K. & T. Ry. Co. v. Kidd, 8 Cir., 146 F. 499, 500, it was said:

"The fact that courts generally observe the convenience and desires of counsel as expressed in their stipulations gives rise sometimes to the impression that conformity with the rules of procedure is solely a matter for the determination of the parties litigant. This may be so in some cases but certainly not in all. There is a well-defined line of distinction between those rules that are for the benefit of the court and to aid it in the discharge of its duties and those that are for the benefit of parties litigant. [Many cases cited.]"

■ Within their limited ambit, rules of court have the force of law. In Hicks v. Bekins Moving & Storage Co., 9 Cir., 115 F.2d 406, 408, referring to 28 U.S.C.A. § 731, supra, we said:

"Authority exercised within the scope of the statute is unquestionably valid; rules so promulgated have the force of law and are as binding upon appellate courts as a statute."

See also the Galveston Dry Dock case, supra, 2 Cir., 40 F.2d 442, 444; Paakuku (w.) v. Komoikehuehu, 3 Haw. 642, 644; Estate of Bishop, 5 Haw. 288, 290; 158 A.L.R. 709n.

■ It is not unreasonable for an appellate court to dismiss an appeal in a case where the appellant has failed to comply with the rules relative to specifications of error—especially when the court has given previous warnings that the rule will be enforced. Sovereign Camp of the Woodmen of the World v. Jackson, 8 Cir., 97 F. 382, 385; Moline Trust & Savings Bank v. Wylie, 8 Cir., 149 F. 734.

Such previous warnings have been repeatedly given by the Supreme Court of Hawaii. In Territory v. Taok, 33 Haw. 560, 564, the court said:

"The appellant absolutely failed to comply with the provisions of rule 3 (b) of this court that the brief contain 'a specification of the exceptions or assigned errors which are relied upon.' Failure to observe this rule may merit dismissal."

See also Furtado v. Rezents, 33 Haw. 569; Watumull v. Tax Commissioner, 34 Haw. 84, 85-86.

■ Applying the foregoing principles to the facts of the present case, we find that, in the face of the warnings just referred to, the appellant's brief did not conform to the rules of the Territorial Supreme Court. Twice in his reply brief before this court, he admits that his brief below was defective:

"Admittedly, in the case at bar, appellant's claim to the right of review by this Court depends solely on whether the action of the Supreme Court of the Territory of Hawaii, in dismissing appellant's writ of error *for technical defects in his opening brief filed in that Court (particularly in view of that Court's having overlooked similar defects in briefs of other appellants)*, involved the Constitution of the United States."

"For more than eight years prior to its action in this case, the Supreme Court of Hawaii had followed a course of considering on their merits questions sought to be reviewed notwithstanding the briefs of appellants, *like the brief in the Hawaii Supreme Court in this matter, did not conform to the rules of that Court.*" [Emphasis supplied]

As far as the Territorial court's eight-year toleration of infractions of its rules is concerned, such forbearance does not prevent that court from finally losing patience with defective brief-writing, particularly after giving repeated warnings to future violators.

In this posture of affairs, what is the responsibility of this court? To what ex-

tent can we reach down into a Territorial court and review its interpretation and aplication of its own rules?

These questions go to the very roots of this court's jurisdiction to review judgments of the Supreme Court of Hawaii, as well as to the manner in which that jurisdiction should be exercised.

The statutory grant of power is found in 28 U.S.C.A. § 225(a), which reads in part as follows:

"(a) Review of final decisions. The circuit courts of appeal [sic] shall have appellate jurisdiction to review by appeal final decisions—

\* \* \* \* \* \*

"Fourth. In the Supreme Courts of the Territory of Hawaii and of Puerto Rico, in all cases, civil or criminal, wherein the Constitution or a statute or treaty of the United States or any authority exercised thereunder is involved; \* \* \*."

The appellant strives to spell out a deprivation of his constitutional rights because the Territorial court "dismissed the writ on a mere technicality." We do not agree. The appellant does not argue, nor can he argue, that the rule itself is unconstitutional. As we have seen, he admits that he did not conform to a valid rule of the tribunal to which he was appealing. In our view, that ends the case.

When the legislature grants the grace of an appeal, the appellate court has the right to prescribe and to enforce the rules according to which that appeal shall be prosecuted. We have been cited to no authority which holds that, in a case where the appellant is represented by counsel, a court breaches constitutional law by insisting that the statutory right of appeal be exercised according to the lawful rules of that court.

We have already pointed out that rules of court which are not violative of any statute, have the force of law. It consequently becomes pertinent now to inquire to what extent this court will respect the rulings of the Supreme Court of Hawaii on questions of local law.

In Waialua Agricultural Co. v. Christian, supra, 305 U.S. at pages 108, 109, 59 S.Ct. at page 30, 83 L.Ed. 60, the Court said:

"This judicial tradition gives present substance to the rule of this Court that deference will be paid the understanding of territorial courts on matters of local concern.

\* \* \* \* \* \*

"While the 34th section of the Judiciary Act is not applicable to territories, the arguments of policy in favor of having the state courts declare the law of the state are applicable to the question of whether or not territorial courts should declare the law of the territories with the least possible interference. It is true that under the appeal statute the lower court had complete power to reverse any ruling of the territorial court on law or fact but we are of the opinion that this power should be exercised only in cases of manifest error. \* \* \* In so far as the decisions of the Supreme Court of Hawaii are in conformity with the Constitution and applicable statutes of the United States and are not manifestly erroneous in their statement or application of governing principles, they are to be accepted as stating the law of the Territory. *Unless there is clear departure from ordinary legal principles, the preference of a federal court as to the correct rule of general or local law should not be imposed upon Hawaii.*" [Emphasis supplied]

See also De Castro v. Board of Commissioners, 322 U.S. 451, 459, 64 S.Ct. 1121, 88 L.Ed. 1384.

The foregoing rule was applied by this court in a very recent case in which, as here, an interpretation of the Fifth and the Fourteenth Amendments was involved. In Young v. Territory of Hawaii, 9 Cir., 160 F.2d 289, 290, we said:

"The due process clause of the Fourteenth Amendment 'leaves the states free to enforce their criminal laws under such statutory provisions and common law doctrines as they deem appropriate; and does not permit a party to bring to the test of a decision in this court every ruling made in the course of a trial in the state court,' Buchalter v. New York , supra, 319 U.S. [427], pages 429, 430, 63 S.Ct. [1129], 1130,

1131 [87 L.Ed. 1492]. And the same holds good of the Fifth Amendment in respect of the administration of the criminal laws of the Territory of Hawaii. [Cases cited] It follows that no federal question of substance is presented by the appeal." [1]

It has been suggested that the Mangum decision, supra, supports the appellant's position. Yet the opinion in that case, 237 U.S. at pages 334, 335, 35 S.Ct. at page 590, 59 L.Ed. 969, referring to "due process of law," uses the following language:

"This familiar phrase does not mean that the operations of the state government shall be conducted without error or fault in any particular case, nor that the Federal courts may substitute their judgment for that of the state courts, or exercise any general review over their proceedings, but only that the fundamental rights of the prisoner shall not be taken from him arbitrarily or without the right to be heard according to the usual course of law in such cases."

See also Rescue Army v. Municipal Court, 331 U.S. 549, 584, 67 S.Ct. 1409.

The elaborate and carefully considered opinion of the court below in the instant case discloses that its dismissal of the writs of error was not done "arbitrarily".

■ Applying the teaching of the Supreme Court of the United States in the Waialua Agricultural Co. case, supra, we find that the decision of the Territorial court is "in conformity with the Constitution and the applicable statutes of the United States," is not "manifestly" erroneous in its "statement or application of governing principles," and should "be accepted as stating the law of the Territory."

Therefore, there being no "clear departure from ordinary legal principles," we are of the opinion that, even if we were to feel that greater leniency might well have been extended to the appellant herein, "the preference of a federal court as to the correct rule of general or local law should not be imposed upon Hawaii." Waialua Agricultural Co. v. Christian, supra.

Accordingly, the judgments are affirmed.

DENMAN, Circuit Judge (dissenting).

This is one of the clearest cases of violation of the due process clause of the Fifth Amendment that has come before this court. Only by ignoring the essential facts, namely, the briefs filed in the two appeals, can any other conclusion be reached.

The briefs succinctly state justiciable questions of claimed error of most serious import *in full compliance with rules of the Hawaiian court*. Because elsewhere in the briefs, in presenting some of the other claims of error, there is a failure to comply with the rule, the Hawaiian court dismissed the appeals, thus refusing to consider those clearly and succinctly presented in proper form.

Appellant admits the failure of technical compliance with the rules as to these other matters but the justiciable questions which are briefed with complete compliance with the court's rules protrude in the case like the sore thumb of conventional speech. An appellant's right to due process on appeal should not be denied for such a technical failure in presenting claimed errors clearly distinct from those properly presented. Hence I dissent from establishing in this circuit such a denial of due process in the following language of this court's opinion:

"The appellant strives to spell out a deprivation of his constitutional rights because the Territorial court 'dismissed the writ on a mere technicality.' We do not agree. The appellant does not argue, nor can he argue, that the rule itself is unconstitutional. As we have seen, he admits that he did not conform to a valid rule of the tribunal to which he was appealing. In our view, that ends the case."

---

1 See also Notley v. McMillan, 9 Cir., 16 F.2d 273; Fukunaga v. Territory of Hawaii, 9 Cir., 33 F.2d 396, 397, certiorari denied, 280 U.S. 593, 594, 50 S.Ct. 39, 74 L.Ed. 641; Kimbrel v. Territory of Hawaii, 9 Cir., 41 F.2d 740, 741; Hill v. Carter, 9 Cir., 47 F.2d 869, 870, certiorari denied, 284 U.S. 625, 52 S.Ct. 10, 76 L.Ed. 532; Territory of Hawaii v. Gay, 9 Cir., 52 F.2d 356, 359, certiorari denied, 284 U.S. 677, 52 S.Ct. 131, 76 L.Ed. 572; Fernandez v. Andrade, 9 Cir., 59 F.2d 681, 683; Lord v. Territory of Hawaii, 9 Cir., 79 F.2d 761, 764; Hawaii Consol. Ry. v. Borthwick, 9 Cir., 105 F.2d 286, 288.

Such a holding is a clear violation of the principles established in Frank v. Mangum, 237 U.S. 309, 327, 35 S.Ct. 582, 59 L.Ed. 969, and Cochran v. Kansas, 316 U.S. 255, 258, 62 S.Ct. 1068, 86 L.Ed. 1453. What is there said respecting due process in state courts under the Fourteenth Amendment is of equal application to the due process under the Fifth Amendment in a Hawaiian court. Farrington v. Tokushige, 273 U.S. 284, 47 S.Ct. 406, 71 L.Ed. 646.

In brief, one of the errors so presented is that at the trial of the second case the appeal in the first was pending, yet the trial court permitted the introduction of evidence of appellant's conviction in the first. The claim that this is error is clearly a justiciable question of Hawaiian criminal law. In the first case one of the claimed errors is the prosecutor's attempt to implicate the accused in six other crimes of which appellant not only had not been convicted but for which no criminal proceedings had been initiated, clearly a justiciable question under the Hawaiian law.

The character of these claimed errors so refused consideration makes the refusal a violation of the "immutable principles of justice which inhere in the very idea of free government," of Holden v. Hardy, 169 U.S. 366, 389, 18 S.Ct. 383, 387, 42 L.Ed. 780, and of the "fundamental principles of liberty and justice which lie at the base of all our civil and political institutions," of Hebert v. Louisiana, 272 U.S. 312, 316, 47 S.Ct. 103, 104, 71 L.Ed. 270, 48 A.L.R. 1102.

I. *The strict compliance with the rules of the brief's presentation of the claimed error in allowing the question of the conviction in a prior trial, where the case was on appeal.*

The pertinent portions of the rules claimed to be violated are stated by appellee's brief to be Rule 3, subd. 1(d) "that an appellant's brief 'shall contain * * * a specification of the errors which are relied upon'" and Rule 3, paragraph 1(e) "that an appellant's brief 'shall contain * · * * a brief of the argument exhibiting a clear statement of the points of law or fact to be discussed and the authorities relied upon in support of each point.'"

Appellant's brief first states his assignment of error accompanying his petition for writ of error as required by Title 23, Section 9558 of the Hawaiian Code. His brief later states the question as follows:

"Group V, Question No. V.

"Did the Court err, in ruling that a prior conviction of the defendant (after it had been properly appealed, staying the mittimus, judgment and sentence of the Court) is competent matter to impeach the credibility of the defendant upon his cross examination as a witness in his behalf?

"The above question No. 5 of Group V, is raised in this Appeal by the Assignments of Error No. XVIII and XXVIII as of record, and as hereinafter set forth and will be discussed collectively because both involve the same principle of law."

Then follows his presentation by repeating in full his assignment of error which specifies as follows:

"Assignment of Error No. XVIII.

"The Circuit Court erred in permitting the prosecution to cross examine the defendant while a witness for himself, over objection of the defendant, of and concerning a prior conviction of larceny of cattle, from which prior conviction, the defendant had appealed to the Supreme Court of the Territory of Hawaii, and the sentence and judgment of said prior conviction had been stayed by the court because of said Appeal, upon the theory of impeaching the credibility of the defendant as a witness for himself; the defendant objected to said cross examination; that it was irrelevant, incompetent and immaterial and the defendant raised a federal question, that said cross examination was made for the sole purpose of prejudicing the defendant with the jury, insinuating to the jury that defendant was a habitual criminal, and therefore guilty of the crime in question; further, that said appeal with a stay of the Judgment and Sentence, was not a prior conviction according to the law; the court overruled the objection of the defendant, to which ruling the defendant duly excepted to, in the presence of the

jury. Transcript pages 304-308, as follows: * * *"

That it is entitled as "assignment" makes its content nonetheless a specification. Then follows the transcript of the trial court's proceeding in which, in the absence of the jury, the appeal is shown to be pending, the return of the jury, and then the following:

"Q. Were you not convicted in this court on the 31st day of August, 1943, of Larceny in the First Degree and that you stole three head of cattle from Frank Teixeira in the Puukapu Homesteads on this Island?

"Mr. Esposito [attorney for appellant]: Object, it is irrelevant, incompetent and immaterial; that this man has taken an appeal and that appeal stays mittimus and stays conviction.

"The Court: Objection overruled.

"Mr. Esposito: Exception.

"The Court: Yes. You will please answer the question. A. Yes."

Then is set forth the following assignment of error regarding the court's instruction that the jury could consider the pending appeal:

"Assignment of Error No. XXVIII.

"The Circuit Court erred, in giving Territory's requested Instruction No. 10, over objection of defendant, to which ruling of the Court, in the presence of the jury, the defendant duly excepted, for the reason that said instruction was not the correct law.

" 'Evidence has been received to the effect that the defendant Carl Meyer, has heretofore been convicted of a crime. This evidence was received solely because it bears upon the moral character and upon the credibility of the defendant as a witness, and the fact of conviction is one that you may take into consideration in weighing his testimony. It must not be used for any other purpose whatever.' "

Then follow less than four pages of as competent briefing of the two claimed errors as I have seen in the half century since I was admitted to the bar. It concerns the two following Hawaiian statutes which it is claimed have never been considered in this connection by the Hawaiian supreme court:

"Section 3555. Stay in criminal cases. The giving of written notice or oral notice in open court by the defendant or his counsel within ten days after judgment of intention to sue out a writ of error shall operate as a stay of execution, and shall suspend the operation of sentence in all criminal cases; * * *." Rev.Laws 1945, § 9556.

"Section 5528. After previous conviction. When any person shall be proceeded against before any court of criminal jurisdiction for a subsequent offense in either case committed after any previous summary conviction or convictions, a copy of the conviction certified by the proper officer of the court to which the summary conviction shall have been returned or proved to be a true copy, shall be sufficient evidence to prove a conviction of the former offense and the conviction shall be presumed to have been unappealed against until the contrary be shown." Rev.Laws 1945, § 10833.

Then follows the statement of cases from four states having similar statutes which have held such a question to be error warranting reversal.

In my opinion, to dismiss an appeal so cogently presenting such a justiciable question because of technical defects in briefing other claimed error, will shock the conscience of every experienced trial lawyer.

II. *The brief's full compliance with the rules in presenting the claimed error of the prosecutor's questions to appellant of other offenses for which he was not indicted.*

In the other appeal this claimed error is briefed under the title

"Did the Court err, in its conduct of the trial and deprive the defendant of a fair and impartial trial as guaranteed to him by the law of the land, in permitting the prosecutor to cross-examine the defendant upon specific acts of misconduct of the defendant based upon hearsay evidence, and concerning which alleged offenses the defendant had not been convicted?"

Again is stated the assignment of error at the beginning of the brief and repeated under the above title, as follows:

"Assignment of Error No. VI.

"The Circuit Court erred, in denying and overruling the defendant's motion for mistrial, which were severally, and often jointly made by the defendant, at the occurrences of the misconduct and the admission of the poisonous evidence, and later repeated at the conclusion of all the evidence of both parties and before the settling of the instructions by the court, and before counsel for both sides addressed the jury, that said Motions for Mistrial were properly made by the defendant in the presence of the jury; that full and complete reasons were assigned by the defendant to the Court for the said misconduct and the defendant duly excepted to the Court's ruling in the presence of the jury."

Then follow the portions of the record showing six questions by the prosecutor, to which appellant objected as incompetent and prejudicial and for which he moved a mistrial. They seek to implicate the accused with five other similar crimes for which he had not been indicted, much less convicted, and with a claimed adultery. They are

"Q. Sometime in 1938 did you or did you not steal one Holstein Hereford calf of W. M. S. Lindsey, senior, take it to your slaughter house pasture, brand it, cut off its ear, and then when caught by Lindsey and his worker who was Yokoyama, did you not cry and promise never to do it again?"

"Q. Did you not between February 1, 1941, and August 31, 1941 there in Kona steal one stag with horns, cut out near the ears one po-le and one steer with horns, red and white faced half wild from Manuel Gomes of Holualoa, take it to the Magoon lease and later slaughter it?"

"Did you or did you not between the first day of January or the 31st day of January, 1942 in the Puukapu Homesteads steal and slaughter a steer of James Spencer and immediately boil the hide and have it fed to the pigs?"

"Q. Did you or did you not between the first day of February, 1942 and the 28th day of February, 1942 steal there in the Puukapu Homesteads from Parker Ranch two fat breeding cows, slaughter them and boil their hides?"

"Q. Did you or did you not in the months of June or July, 1942 there in Puukapu Homesteads steal two Parker Ranch cows, one with a six or seven months old calf inside it and one with a two months old calf inside it, slaughter them and boil the inborn calves and hides?"

"Q. When were you married? A. 1931, about.

"Q. During the years 1936 1937 did you not have an adultery relationship with one ...... [naming woman]?

"Mr. Esposito: I object. There must be an arrest and conviction.

"Q. And as a result of that relationship was there not born a child ...... [naming child] on August 1, 1937, at the Kau Hospital?

"Mr. Esposito: Objection. There is no conviction. It is incompetent, irrelevant and immaterial.

"The Court: I will allow the question."

As seen, the brief's assignment of error states appellant's motion to the trial court for a mistrial on the ground of allowance of these questions. That these offensive and degrading questions were answered in the negative does not make the contention of appellant's brief that the questions themselves were highly prejudicial any the less a justiciable one.

Then follows a citation of federal and state authorities cogently discussed in but seven pages of briefing.

In every respect these contentions of the two appeals were briefed in full compliance with the rules and were entitled to the judicial process of their consideration and decision.

It is trite to repeat that American courts are *primarily concerned with justice to litigants*. They should not be *primarily* concerned with the professional conduct of the lawyers, their officers. Discipline for lack of professional skill *before the court in which they are acting* should be upon them not upon the litigants seeking their justice. The court should protect the liti-

gant where such lack of skill is apparent in matters yet to be decided.

Here the counsel for appellant, by his admission to practice in the Hawaiian supreme court, is held out to appellant as a person competent to prosecute his appeals. In each appellant has had competently presented for him at least one justiciable contention which, if sustained, well may require reversal.

No more is warranted in these criminal cases than the striking from the briefs of the matters urged in violation of the rules, with the right in the instant or another attorney properly to present them in another brief. To wreak upon the litigant in a criminal case the court's irritation at its officer's failure to observe its warnings of a dismissal if such a procedural rule is not satisfied is wrongfully imputing to the litigant a technical knowledge it knows he has not. In effect, this supreme court's decision is a shocking repudiation of its representation to appellant of the competence of its officers.

The decisions in both appeals should be reversed.