HAWAIIAN TRUST COMPANY, LIMITED, TRUSTEE UNDER THE WILL OF GEORGE GALBRAITH, DECEASED, *v.* THOMAS GALBRAITH, ANNIE GALBRAITH, ALBERT GALBRAITH, ALEXANDER GIBB GALBRAITH AND ADA GALBRAITH.

No. 1200.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.
HON. W. H. HEEN, JUDGE.

ARGUED OCTOBER 10, 1919.                    DECIDED OCTOBER 14, 1919.

KEMP AND EDINGS, JJ., AND CIRCUIT JUDGE DeBOLT IN PLACE OF COKE, C. J., ABSENT.

ANNUITIES—*nature of interest—assignment.*

Where property was given by will to a trustee to hold until the death of the last survivor of a number of annuitants and for twenty-one years thereafter to pay certain annuities and to accumulate the unpaid income and then divide the trust estate "among those persons entitled at that time to the aforementioned annuities" an annuity payable to A. J. G. "for life and then to their

heirs" the interest of the heirs in the annuity was an estate of inheritance and was assignable.

## OPINION OF THE COURT BY KEMP, J.

This is an appeal from a decree of a circuit judge sitting in equity in a suit instituted by the Hawaiian Trust Company, Limited, trustee under the will of George Galbraith, deceased, for instructions regarding the payment of a certain annuity as to which conflicting claims have arisen and as to the proper disposition of which the trustee is in doubt.

George Galbraith, a former resident of Hawaii, now deceased, by his last will and testament duly admitted to probate, devised and bequeathed to the plaintiff a large estate charged with certain trusts, the said trust to continue "for as long a period as is legally possible, the determination or ending of such trust to take place when the law requires it under the statute." Included among the trusts referred to is the payment of annuities to various named annuitants. With reference to a large number of these, and which include the annuity involved herein, they are bestowed "for life and then to their heirs."

The particular fund involved in this suit is a portion of an annuity bequeathed to Ann Jane Galbraith. The record before us establishes the fact that Ann Jane Galbraith, a spinster, died intestate on or about the 3d day of December, 1909, leaving surviving her as one of her heirs a nephew, George Galbraith, the younger, of Glen Gormley, Antrim County, Ireland, who thereupon became entitled to $6.82 annually as his share of said annuity. Thereafter on October 4, 1910, the said George Galbraith assigned his share of the said annuity to his brother Thomas Galbraith, one of the defendants herein. Subsequent to said assignment and on the 24th day of

November, 1917, the said George Galbraith died intestate, being at the time of his death a citizen of Great Britain domiciled at Glen Gormley, County of Antrim, Ireland, leaving surviving him a widow, Annie Galbraith, and three children, Albert Galbraith, Alexander Galbraith and Ada Galbraith, minors, all still surviving and defendants herein. It is claimed by the said widow and children of George Galbraith that under the terms of said will George Galbraith had the right to assign his share of said annuity only for the duration of his own life and that on his death the said assignment ceased to have any further force or effect and that thereupon the said widow and children as his heirs became entitled to receive his share of the annuity accruing after his death.

It is claimed by the said Thomas Galbraith that the said assignment of George Galbraith carried his share of the annuity not only during his life but also during the remainder of the trust period and both as against said George Galbraith and as against the heirs and that therefore he, the said Thomas Galbraith, is entitled to continue to receive the said share of the annuity which would be due to the heirs of George Galbraith but for his assignment.

The facts thus presented are identical with the facts presented in the case of *Hawaiian Trust Co.* v. *McMullan,* 23 Haw. 685, with the single exception that in the *McMullan* case the annuity had not been assigned. In this case, as in the *McMullan* case, the question to be determined is as to the quality of interest which the heirs take under the clause of the will granting annuities to certain named persons "for life and then to their heirs." In the *McMullan* case it was held that ordinarily a gift of an annuity to a person without words of limitation or other significant language is to be regarded as a gift of the annuity during the life of the annuitant and a gift

of the annuity to one for life and then to another is understood to mean to that other for life unless a different intent is indicated. In that case the final clause of the will, which provides that "on the final ending and distribution of the trust the trust fund to be divided equally amongst those persons entitled at that time to the aforementioned annuities," was held to disclose the intent on the part of the testator that the annuities given to the heirs were not to terminate at their respective deaths but were to continue for the period during which the trust was designed to continue.

In the *McMullan* case, which determined the quality of interest which the heirs took under the will in question, the court, in speaking of the interest of William McVeigh, who stood exactly in the same relation to the annuity there involved as did George Galbraith to the annuity here involved, said, "The interest of William McVeigh in the annuity, then, was for the entire period of the trust if he should live till the arrival of the time for the distribution of the estate, and, if not, for his heirs or personal representatives during the life of the last survivor of the annuitants and for the further period of twenty-one years." Counsel for the heirs of George Galbraith have contended that many of the expressions in the *McMullan* case are mere dictum, but it cannot be contended that it was unnecessary for the court in that case to determine the quality of the interest which William McVeigh took under said will, and the quotation last above is the court's final summing up of the character or quality of the interest which the said William McVeigh took under said will and is just as applicable to the interest which George Galbraith took under said will. If upon the death of William McVeigh his interest in the annuity would descend to his heirs or personal representatives he must have possessed an estate of in-

heritance in said annuity, or, to express it in another way, must have owned the said annuity in fee simple, which carried with it the right to dispose of said annuity by will or assignment.

We hold that the circuit judge was right in directing the trustee to pay the annuity previously paid to George Galbraith to the said Thomas Galbraith and his heirs, executors, administrators or assigns.

The decree appealed from is affirmed.

*R. B. Anderson* and *U. E. Wild* (*Frear, Prosser, Anderson & Marx* on the brief) for petitioner.

*W. L. Stanley* for Thomas Galbraith.

*Watson & Clemons,* for certain respondents, submitted the case upon the brief.