COOKE TRUST COMPANY, LIMITED, EXECUTOR OF THE WILL OF WILLIAM STEWART L. MARKHAM, DECEASED, PETITIONER-APPELLEE, *v.* HAWAIIAN TRUST COMPANY, LIMITED, TRUSTEE FOR THE HEIRS OF ANNA DREIER MARKHAM UNDER THAT CERTAIN DEED OF TRUST DATED NOVEMBER 5, 1907, EXECUTED BY AUGUST DREIER AS GRANTOR TO CECIL BROWN AS TRUSTEE, BEATRICE K. MARKHAM CURRY, AND JENNIE S. GILLILAND, ET AL., RESPONDENTS-APPELLEES, AND CARL ALEXANDER MARKHAM, RESPONDENT-APPELLANT.

No. 2671.

SUBMITTED MARCH 27, 1948.          DECIDED APRIL 6, 1948.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY KEMP, C. J.

This is an appeal from the final decree entered in a bill for an accounting filed by William Stewart L. Markham against the Hawaiian Trust Company, Limited, trustee for the heirs of Anna Dreier Markham under a deed of trust dated November 5, 1907, executed by August Dreier as grantor to Cecil Brown as trustee. The full text of the deed follows:

"THIS INDENTURE made the 5th day of November, A. D., 1907, by and between AUGUST DREIER of Honolulu, County of Oahu, Territory of Hawaii, party of the first part, hereinafter called 'the Grantor', and C E C I L B R O W N, TRUSTEE, of said Honolulu, party of the second part, hereinafter called 'the Trustee',

"W I T N E S S E T H :

"That the Grantor, in consideration of the sum of One Dollar ($1.00) to him paid by the Trustee, the receipt whereof is hereby acknowledged, does hereby sell, assign, transfer and set over unto the Trustee, his successors in trust and assigns forever, two thousand nine hundred and ninety-six (2996) shares of the capital stock of August Dreier Limited, an Hawaiian corporation, standing in the name of the Grantor, on the books of said corporation, and evidenced by certificates numbered One (1), Two (2), Three (3), and Four (4) for seven hundred and forty-nine (749) shares respectively;

"TO HAVE AND TO HOLD the same unto the Trustee, as such, and to his successors in trust and assigns, forever, to and for the uses, interests and purposes, and upon the conditions and reservations hereinafter limited, described and declared, that is to say:

"I N  T R U S T  (I) To hold the shares of stock aforesaid during the lifetime of the Grantor, and during his, the said Grantor's lifetime, to pay the income from said shares of stock to the Grantor, and

"(II)  Upon the death of the Grantor to pay the income from the said shares as follows:—

"(a)  The income from seven hundred and forty-nine (749) shares of said stock to ANNA DREIER MARKHAM, daughter of the Grantor, during her lifetime and/or upon her death, to her heirs at law;

"(b)  The income from seven hundred and forty-nine

(749) shares of said stock to ADELE DREIER, daughter of the said Grantor, during her lifetime and/or upon her death to her heirs at law;

"(c)    The income from seven hundred and forty-nine (749) shares of the said stock to AUGUST DREIER, JUNIOR, son of the Grantor during his lifetime and/or upon his death to his heirs at law;

"(d)    The income from seven hundred and forty-nine (749) shares of the said stock to EDWARD DREIER, son of the Grantor, during his lifetime, and/or upon his death to his heirs at law;

"(III)    As, and when, all of the said children of the Grantor, namely Anna Dreier Markham, Adele Dreier, August Dreier, Junior, and Edward Dreier, hereinafter designated 'the Children', shall have deceased, the Trustee, or his successor in trust, shall turn over, transfer and deliver to the respective heirs at law of the said Children, respectively, the shares of said stock from which the Children each, respectively, are to have the benefit under the provisions of these presents, that is to say, seven hundred and forty-nine (749) shares, to the heirs of each of the children respectively;

"PROVIDED HOWEVER, that the Trustee or his successor in trust, may in his sound judgment and discretion, at any time after the death of the Grantor, and if in such judgment and discretion the circumstances or conditions of any of the Children aforesaid of the Grantor, shall make such action desirable, may turn over, transfer and deliver, absolutely, to any such of the Children of the Grantor, the shares of stock from which any such of the Children of the Grantor is to have the benefit under these presents, that is to say, seven hundred and forty-nine (749) of said shares;

"AND the Grantor hereby deposits with and delivers to the Trustee for the said use and benefit of the bene-

ficiaries aforesaid the said shares of stock as follows:

"(a)  In an envelope marked 'For Anna Dreier Markham and her heirs at law', seven hundred and forty-nine (749) shares;

"(b)  In an envelope marked 'For Adele Dreier and her heirs at law', seven hundred and forty-nine (749) shares;

"(c)  In an envelope marked 'For August Dreier, Junior and his heirs at law', seven hundred and forty-nine (749) shares;

"(d)  In an envelope marked 'For Edward Dreier and his heirs at law', seven hundred and forty-nine (749) shares;

"AND the Grantor hereby makes, constitutes and appoints the Trustee, or his successor in trust, his true and lawful attorney, for the Grantor and in his name to make any transfer of said stock and to do all things required to effectuate the intent of these presents;

"PROVIDED, FURTHER, and this trust is upon the express conditions that

"(1)  The shares aforesaid are, during the lifetime of the Grantor to remain and stand in his name on the books of said corporation and the Grantor is, during said time, to retain the right to vote the said stock and to exercise all rights of a stockholder at any and all meetings and in all business affairs of said corporation; and

"(2)  In the event of the death, during the lifetime of the Grantor of any of the said beneficiaries, Anna Dreier Markham, Adele Dreier, August Dreier, Junior, or Edward Dreier, without leaving issue surviving, the gift aforesaid is to cease and determine as to the said share or interest of such of said beneficiaries as may die, and the shares of stock allotted to the said decedent are to revert to the Grantor, but that the death of any of the beneficiaries aforesaid prior to the death of the Grantor, shall not in

any way effect the gift to the other or others of said beneficiaries;

"(3) In the event of the death, resignation, or disability of the Trustee or his successor in trust, a new Trustee hereunder may be appointed by any Judge of the Circuit Court of the First Judicial Circuit of the Territory of Hawaii, under such bonds as the Judge aforesaid may deem reasonable;

"(4) This trust deed is revocable, and the Grantor reserves the right and power to at any time revoke the said instrument by will, deed or any instrument in writing, whereupon the trusts herein established shall be void and of no effect."

All of the living children of Anna Dreier Markham and the children of a deceased son were named respondents and after the death of the petitioner Cooke Trust Company, Limited, executor of his will, was substituted as petitioner in his stead. At the same time Jennie S. Gilliland, sole devisee and legatee under the will of the deceased petitioner, was named as an additional respondent.

The pertinent facts other than the execution and delivery of the foregoing deed are:

The grantor never revoked the trust deed and died on May 19, 1908, leaving all four of the named beneficiaries, namely, Anna Dreier Markham, Adele Dreier, August Dreier, Junior, and Edward Dreier, surviving him.

Emma Dreier, the widow of August Dreier, declined to accept the provisions made for her in her husband's will and elected to take her dower and established her right to have the stocks conveyed by said trust deed included as part of her deceased husband's estate. As a result the number of shares of stock which the grantor deposited with and delivered to the trustee in an envelope marked "For Anna Dreier Markham and her heirs at law" was reduced from 749 shares to 500 shares.

Anna Dreier Markham died on April 4, 1911. She was survived by her husband, John Markham, and by her twelve children, namely: Anna Markham Peck, Frederick J. Markham, Emma H. Markham, August A. Markham, Herman L. Markham, Norman Markham, Liberta Markham Wright, James S. Markham, William J. Markham, Charles J. Markham, Paul A. Markham, and John Markham, Junior.

After the death of Anna Dreier Markham, the trustee paid the income theretofore paid to her, to her twelve children in equal shares until the death of her son John Markham, Junior, who died on January 29, 1917, during his minority, unmarried and without issue. Thereupon, a controversy arose between his father and the eleven surviving children as to who was entitled to receive the income theretofore paid to the deceased, which was settled on June 27, 1917, by the father assigning to the eleven surviving children in equal shares "all of his right, title and interest in and to the said income * * * To have and to hold to them and their heirs and assigns during the remainder of the period of the trust * * * ."

After the settlement of the controversy by the father's assignment, the trustee paid one eleventh of the income from 500 shares held by the trustee to each of the eleven surviving children of Anna Dreier Markham until October 29, 1920, when William J. Markham, another son, made and delivered to his wife, Nora K. Markham, trustee, a written instrument as follows:

"KNOW ALL MEN BY THESE PRESENTS: That I, WILLIAM J. MARKHAM of Honolulu, City and County of Honolulu, Territory of Hawaii, do hereby sell, assign, transfer and set over unto my wife, NORA K. MARKHAM, trustee, of Honolulu aforesaid, absolutely and forever, all of my dividends, stipends, annuity and sums of money and all of my right, title and interest as a

beneficiary in and to the property, dividends, income, annuities, shares of stock, and corpus of the trust mentioned, described and created in that certain indenture dated the 5th day of November, 1907, by and between August Dreier of Honolulu aforesaid, and Cecil Brown, Trustee, of Honolulu aforesaid."

After said assignment the one eleventh of the income theretofore paid to William J. Markham was paid to Nora K. Markham, trustee, until the death of William J. Markham, who died intestate on June 3, 1940. He was survived by his wife, Nora K. Markham, and by their two children, namely, William Stewart L. Markham and Beatrice Markham Curry. He was also survived by Carl Alexander Markham, the appellant, a son by a former wife.

Upon the death of William J. Markham, June 3, 1940, the Hawaiian Trust Company, Limited, who was then the sole trustee, being in doubt as to whom the said one-eleventh part of the income theretofore paid to Nora K. Markham, trustee, should be paid, declined to pay the same to anyone and transferred the same to an account on the books of the trustee, entitled "Suspense Account."

Nora K. Markham, the second wife and widow of William J. Markham, died on November 16, 1941. Her will, by which she devised and bequeathed "All of my property both real and personal of whatever nature and wherever situated which I may own or have the right to dispose of at my decease to my son William Stewart L. Markham and his heirs and assigns absolutely and in fee simple," was contested by her daughter, Beatrice K. Markham Curry. The contest of the will was settled by a compromise, by which the will was to be admitted to probate and the Cooke Trust Company, Limited, which was named in the will as executor, was to be appointed executor to administer the estate, and all of the estate except certain enumerated items of personal effects was to be distributed

in the same manner as though the testatrix had died intestate. The inventory filed by the executor listed, among other things, "Interest in trust created by deed of trust executed by August Dreier, dated November 5, 1907, said interest having been assigned to Nora K. Markham, trustee, by unrecorded instrument of assignment by William J. Markham, dated October 29, 1920." Both William Stewart L. Markham and Beatrice Markham Curry have receipted the executor for all of his or her share of the estate of their mother, though it is apparent that no part of the income involved in this litigation had been received by the executor and paid over to them.

Paul A. Markham, one of the sons of Anna Dreier Markham, died March 25, 1943, intestate and without issue, and thereafter the trustee refused to distribute the income theretofore paid to him and has accumulated it in an account entitled "Suspense Account."

Thereafter William Stewart L. Markham filed this bill for an accounting, claiming one half of the income formerly paid to his mother; or, in the alternative, one third of said income if the court should determine that his half brother, Carl Alexander Markham, is entitled to one third thereof. He also claimed, by amendment of his original petition, one thirtieth of the income of said trust formerly paid to his uncle, Paul A. Markham, and prayed that the trustee be required to account for that income, as well as that formerly paid to his mother.

In answer to the amended petition filed March 30, 1946, Carl Alexander Markham prayed that he be decreed to be entitled so long as he shall live to one third of the income formerly paid to his father, Wiliam J. Markham, during his lifetime from the time of his death and one thirtieth of the income formerly paid to Paul A. Markham from the time of his death.

On July 20, 1946, William Stewart L. Markham, the

petitioner herein, died, and on October 21, 1946, Cooke Trust Company, Limited, executor of his will, was substituted as the party petitioner in his stead and Jennie S. Gilliland, the sole devisee and legatee named in his will, was by order of court named a respondent in said cause.

On November 4, 1946, Jennie S. Gilliland filed her answer to the amended petition in which she claimed that William Stewart L. Markham, deceased, was during his lifetime entitled to one half of the income theretofore paid to his mother, Nora K. Markham, trustee; that the executor of his will is entitled to the income accrued up to the time of his death and that from and after his death she is entitled to his one half of said income "for the term of her natural life, or until the prior termination of said trust."

After a hearing the circuit judge filed his decision, in which he set forth in detail the contentions of counsel for Carl Alexander Markham and Jennie S. Gilliland, respectively, in substance as follows:

In support of Carl Alexander Markham's claim, it is urged that under a proper construction of the trust deed the twelve children of Anna Dreier Markham, upon her death, took their respective shares as a class, each for his life only, and that upon the death of any one of them, his issue, in turn and as a class, took the income formerly distributable to their parent, share and share alike, for their respective lives. Under this construction it is contended that William J. Markham's right to participate under the trust was for his life only; that the assignment to his wife, Nora K. Markham, became ineffective with her husband's death and that consequently no right under the trust passed to either William Stewart L. Markham or Beatrice K. Markham Curry by reason of the order of distribution entered in the probate of their mother's estate,

but that they and he (Carl Alexander Markham), as surviving heirs of William J. Markham, upon his death, succeeded as a class and in equal shares to the income formerly payable to the account of their father, and that upon the death of William Stewart L. Markham, he (Carl Alexander Markham) and Beatrice K. Markham Curry, as the survivors of the class, became entitled between them to the full share of income.

In addition to the contention of counsel for Carl Alexander Markham mentioned by the circuit judge there was also an alternate contention to the effect that an agreement had been consummated between the three children of William J. Markham whereby they each were to receive one third of the income, that being the claim of Carl Alexander Markham as set forth in his answer to the amended petition.

On behalf of Jennie S. Gilliland alternate proposals are made. The first is that Anna Dreier Markham, upon the death of her father, the settlor, acquired a fee simple interest in the corpus of the estate and that, upon the death of Anna Dreier Markham, William J. Markham, as one of her twelve heirs, succeeded to his "share of the estate in fee" which he could and did assign to his wife, Nora K. Markham; that upon the latter's death, this share passed under the order of distribution equally to her children, William Stewart L. Markham and Beatrice K. Markham Curry, and upon the death of William Stewart L. Markham, his interest in fee passed under his will to Jennie S. Gilliland. The other proposal offered is that upon the death of Anna Dreier Markham each of her twelve children acquired a proportionate interest in the income formerly payable to the mother, not for their respective lives, but for the term of the trust; that such interests were assignable and that accordingly, by the same course of devolution urged under the first proposal, she (Jennie S. Gilliland)

is entitled to share with Beatrice K. Markham Curry, and to the exclusion of Carl Alexander Markham, the portion of income originally payable to William J. Markham.

The circuit judge stated at the outset that it readily appears from the deed that the ultimate decision of this case turns upon the determination of the nature of the interests conveyed to Anna Dreier Markham's heirs by the provisions of paragraph II (a) granting her the income "during her lifetime and/or upon her death, to her heirs at law."

The court decided that the grant over of the income upon the death of Anna Dreier Markham was a gift to a class; that no other contingency respecting the time of determination of the class or of the vesting of the interests in the members thereof was prescribed other than the falling in of the prior life estate and concluded (citing as his authority *Auld* v. *Andrade*, 31 Haw. 1, 5) that upon the death of Anna Dreier Markham the class was established and closed and that each of her twelve children immediately acquired a one-twelfth interest in the income previously payable to their mother. He further concluded (citing as authority *Kupau* v. *Waihole Water Company*, 37 Haw. 234, 241) that since no words of survivorship appear in the gift it follows that, in this jurisdiction, whatever may be the rule elsewhere, the children took as cotenants and not jointly with the incidental right of increasing their respective interests by survivorship.

He then turned to the question of whether the interests acquired by the children of Anna Dreier Markham were limited to their respective lives or are to be measured by the duration of the trust. Stating that the answer to the question is to be found in the cases of *Hawaiian Trust Company* v. *Galbraith*, 25 Haw. 174, and *Hawaiian Trust Company* v. *McMullan*, 23 Haw. 685, he concluded that the twelve children of Anna Dreier Markham each took

after the death of their mother a one-twelfth interest in the income for the term of the trust and that their ownership was such as to permit them to dispose of the same by will or assignment; that their fractional interests were augmented to a one-eleventh share by the acquisition in 1918 by inheritance from their father of the share he, the father, had acquired in 1917 as the sole heir of John Markham, Junior (the assignment settling the controversy was evidently overlooked); that the assignment by William J. Markham of his one-eleventh share in the income of the trust to his wife, Nora, was a valid assignment for the duration of the trust; that the order of distribution in Nora K. Markham's estate vested that share in Beatrice K. Markham Curry and William Stewart L. Markham equally, and that the latter's interest has passed, or will pass, upon the entry of the order of distribution in his estate, to the sole legatee named in his will, Jennie S. Gilliland; that nine tenths of the share of Paul A. Markham since his death, passed (subject to administration) under the statute of descent in equal shares to his surviving nine brothers and sisters and one tenth thereof, by right of representation, to his nephew, Carl Markham, his niece, Beatrice Markham, and his nephew, William Stewart Markham, said last one-thirtieth interest eventually to be paid over to the executor of William Stewart L. Markham's estate or the distributee thereof, subject, however, to prior administration of Paul A. Markham's estate.

The appeal is from the decree entered in accordance with the decision.

The specifications of error call for a consideration of the conclusion of the circuit judge as to the quality of the title to income given to the heirs of Anna Dreier Markham by paragraph II of the deed and his conclusion as to the effect of the assignment by William J. Markham to his wife, Nora K. Markham, trustee.

The crucial question in our problem is the quality of the title to income given to the heirs at law of Anna Dreier Markham by the provisions of paragraph II of the deed. As already stated, the circuit judge concluded that "the twelve children of Anna Dreier Markham each took, after the death of their mother, a one-twelfth interest in the income for the term of the trust and that their ownership was such as to permit them to dispose of the same by will or assignment, * * * ." He based that conclusion primarily on two decisions of this court construing the will of George Galbraith, *viz., Hawaiian Trust Company* v. *McMullan, supra,* and *Hawaiian Trust Company* v. *Galbraith, supra.* Mr. Galbraith bequeathed to Hawaiian Trust Company a large estate "for as long a period as is legally possible," charged with certain trusts, including the payment of annuities to some forty-seven annuitants whom he listed, and then said, "All of the foregoing for life, and then to their heirs, save and except the last three persons, namely, Josie Fink, Emma Douglas and Matilda Bailey, who are to receive only their life annuities and at their death all their interests to cease. On the final ending and distribution of the trust, the trust fund to be divided equally amongst those persons entitled at that time to the aforementioned annuities."

In the case of *Hawaiian Trust Company* v. *McMullan, supra,* a portion of an annuity bequeathed by the will of George Galbraith to "Sarah Patton's children" was involved. Sarah Patton had two children. One died, leaving six children surviving her. One of the six died, leaving a widow and two children surviving him. This court was called upon to determine who was entitled to the income theretofore paid to the deceased. In considering the question of the quality of the interest the heirs took under the quoted clause, Chief Justice Robertson, speaking for the court, said: "It is conceded that the children of Sarah

Patton took the annuity in equal shares for their respective lives only, and that the word 'heirs' in the phrase 'and then to their heirs,' is a word of purchase. The question is as to the quality of the interest which the heirs take under the clause above quoted. The intent of the testator is to be found in the language of the will taken as a whole. Ordinarily a gift of an annuity to a person, without words of limitation, or other significant language, is to be regarded as a gift of the annuity during the life of the annuitant; and a gift of an annuity to one for life, and then to another, is understood to mean to that other for life unless a different intent is indicated. * * * In the case at bar the gift to the heirs of Sarah Patton's children was without words of limitation, but as it is evident from the final clause in the will that the testator intended that those heirs (their representatives or heirs) should be included in 'those persons' among whom the corpus of the estate would be divided an intent on his part is fairly inferable that the annuities given to the heirs were not to terminate at their respective deaths. In other words, that the annuities were given to them for the period during which the trust was designed to continue. There is no legal obstacle to the carrying out of that intent."

It is apparent that but for the peculiar provision of the Galbraith will the decision would have been that the heirs of the named annuitant took a life estate only in the annuity.

In *Hawaiian Trust Company* v. *Galbraith, supra,* this court merely followed the *McMullan* case.

The deed involved in the case at bar contains no provision of similar import to the provision in the Galbraith will which influenced the court to hold, as it did, that the testator did not intend the general rule announced by it to apply. The two cases just discussed are therefore authority for the application in the instant case of the

general rule that a gift of income to one for life and then to another is to that other for life also, unless the provisions of the will or of the deed, as the case may be, as a whole indicate that the testator or grantor intended otherwise. Neither *Auld* v. *Andrade* nor *Kupau* v. *Waihole Water Company, supra,* relied upon by the circuit judge, is in point.

In the instant case the gift over of income to the heirs at law of Anna Dreier Markham is a gift to them as a class from the grantor, their grandfather. In other words, the persons who were authorized by the terms of the deed to receive the income after the death of Anna Dreier Markham constituted a class that in all probability would fluctuate either by births or deaths, or both, and the right to income was not acquired by inheritance from the life tenant, their mother, but by direction of the grantor, their grandfather.

It cannot be said that the deed is entirely free of ambiguity. The provision "and/or upon her death, to her heirs at law," in paragraph II providing for the payment of income after the death of the grantor's children, appears to conflict with the provision "as, and when, all of the said children of the Grantor * * * shall have deceased," used in paragraph III to indicate when each of the four trusts created by the one deed should terminate and require distribution of the corpus. However, the present proceeding does not involve the question of title to corpus or the construction of paragraph III of the deed. We do not, therefore, express any opinion as to its meaning. All of the interested parties in the instant proceeding assert that the trust for the grantor's daughter, Anna Dreier Markham, and her heirs at law, will terminate when and only when the named life tenants of all four of the trusts have deceased. The case was tried below on that theory and we see no reason why we should not accept it for the pur-

pose of this opinion.

Some observations as to the general tenor of the deed having a bearing on the grantor's intentions seem appropriate.

The grantor has made it abundantly clear that he was primarily concerned for the welfare of his own children and secondarily for his grandchildren. This concern is best shown by the provision terminating the gift to any of his four children who might predecease him without "leaving issue surviving." Another provision which indicates the grantor's primary concern for the welfare of his four children is the one authorizing the trustee in his sound judgment and discretion at any time after the death of the grantor to turn over, transfer and deliver to any such of the children of the grantor the shares of stock from which any of the children of the grantor is to have the benefit when the condition of any of the four children makes such action desirable.

None of the four named beneficiaries predeceased the grantor, and the trustee never saw fit in the lifetime of Anna Dreier Markham to exercise the authority to "turn over, transfer and deliver" to her all or any part of the shares of stock forming the corpus of the trust here involved. The references to those provisions were made solely for the purpose of lending color to other provisions of the deed.

"The fact that there will probably be a fluctuation in the number of the beneficiaries differentiates the class gift from a bequest to individuals. Rest. Law of Property, p. 1453. In the case of a gift of income the recipient thereof must be determined at each periodic distribution by applying the formula prescribed by the testator." *In re Clark's Estate,* 64 C. A. (2d) 636, 149 P. (2d) 465, 468; *In re Hartson's Estate,* 218 Cal. 536, 24 P. (2d) 171.

It follows from what we have said that the right of

William J. Markham and Paul A. Markham to participate in the distribution of income was for their respective lives only and that the assignment of William J. Markham to his wife, Nora K. Markham, trustee, if it conveyed any beneficial interest to her, could not operate after his death.

The foregoing makes it unnecessary to consider the other issues presented by the specifications of error and discussed in the briefs.

For the guidance of the court on the remand, however, we deem it proper to point out that the income formerly payable to William J. Markham, or his order, which accrued prior to the death of William Stewart L. Markham, was payable to his three children, not because they are the heirs of their father but because upon his death they became heirs of their grandmother and members of the class to whom August Dreier directed the income to be paid after the death of his daughter. The same is true of the income formerly payable to Paul A. Markham from and after his death.

The will of William Stewart L. Markham to Mrs. Gilliland is therefore competent to vest in her his portion of the income which accrued after the death of his father and after the death of his uncle and prior to his own death.

We also deem it proper to point out that upon the death of William Stewart L. Markham the income theretofore payable to him became payable to his surviving brother and sister.

The decree is reversed and the cause remanded with instructions to enter a decree in accordance with this opinion.

*Smith, Wild, Beebe & Cades* and *H. Edmondson* on the briefs for appellant.

*M. B. Henshaw* for petitioner, but filed no brief.

*C. B. Dwight* on the briefs for Jennie S. Gilliland, appellee.

*Robertson, Castle & Anthony* and *R. B. Forbes* for the trustee, but filed no brief.

*Heen & Kai* and *W. Wight* for Frederick J. Markham, administrator of estate of Paul A. Markham, deceased, appellee, but filed no brief.